In the Matter of SAM POLUR, an Attorney, Respondent. DE-
PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-
CIAL DEPARTMENT, Petitioner.

First Department, January 14, 1992

### APPEARANCES OF COUNSEL

*Andral N. Braton* of counsel *(Hal R. Lieberman,* attorney),
for petitioner.

*Sam Polur,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee (DDC), for
the First Judicial Department, moves for an order, pursuant
to section 603.4 (d) of the rules governing the conduct of
attorneys in the Appellate Division, First Judicial Department
(22 NYCRR): (1) confirming a report of a Hearing Panel

(Panel), only insofar as the findings, and (2) imposing such sanction upon respondent Sam Polur (respondent), as this court deems appropriate. In response, respondent, *pro se,* in substance, opposes the DDC motion to confirm, and seeks dismissal of the proceeding.

Respondent was admitted to practice by the Fourth Judicial Department, on December 10, 1963. During the period covered by the charges, respondent maintained an office for the practice of law within the First Judicial Department.

On or about April 25, 1989, the DDC served respondent with a notice of, and a statement of charges, which contained seven separate charges, most of which alleged more than one violation of the Disciplinary Rules (DR) of the Code of Professional Responsibility, effective January 1, 1970, and as amended. After the commencement of the hearing before the Panel, on August 8, 1989, the DDC filed an eighth charge against respondent.

Mr. George Sassower, then an attorney in good standing, in approximately 1979, commenced his representation of Mr. Hyman Raffe, a 25% shareholder in Puccini Clothes, Ltd. (Puccini). Subsequently, Puccini was judicially dissolved on June 4, 1980, and placed into receivership. Due to inherent conflicts of interest, an order (disqualification order), Supreme Court, New York County (Thomas V. Sinclair, Jr., J.), was entered February 1, 1982, disqualifying Mr. Sassower, or any attorney affiliated or in any way associated with him, from representing Mr. Raffe in any action, wherein Mr. Sassower would represent an interest adverse to Puccini or to the other shareholders.

Notwithstanding the disqualification order, Mr. Sassower continued to engage in extensive litigation ostensibly on behalf of Mr. Raffe and adverse to Puccini, and, on or about December 14, 1984, Mr. Sassower retained respondent to serve as Mr. Sassower's affiliate and associate in Puccini proceedings, undertaken on behalf of Mr. Raffe.

Subsequently, on or about January 23, 1985, New York County Supreme Court Justice Ira Gammerman issued an order (permanent injunction order), permanently enjoining Messrs. Sassower and/or Raffe, or any person acting in their behalf from, *inter alia,* filing any complaint or proceeding concerning Puccini, its shareholders, the conduct of the receiver for Puccini or its legal representation by the law firm of Feltman, Kersh & Major. In 1987, the Appellate Division,

Second Judicial Department, disbarred Mr. Sassower *(see, Matter of Sassower*, 125 AD2d 52 [1987], *appeal dismissed* 70 NY2d 691 [1987]).

Charges one through four relate to respondent's misconduct in connection with Raffe/Puccini litigation. Specifically, charge one alleges repeated violations of the disqualification order, charge two alleges repeated violations of the permanent injunction order, charge three deals with an order, Supreme Court, New York County (Arthur F. Klein, J.), entered July 1, 1985, which held respondent in criminal contempt of court for violation of the permanent injunction order, and sentenced him to 30 days in prison, of which he actually served 20 days, and charge four alleges postincarceration violations by him of the permanent injunction order.

Charge five alleges, in substance, that respondent counselled a client to disobey court orders entered in the Supreme Court, New York County, relating to a rent receivership matter.

Charges six and seven allege that respondent improperly failed to appear before or to contact Justice Ray Shoemaker, Town of Walkill, Justice Court, Orange County, concerning a criminal matter involving a client, and as a result he neglected that matter.

Charge eight alleges that respondent neglected another legal matter of a client pending in the United States District Court for the Southern District of New York.

In his *pro se* answer, respondent, in substance, denied the charges, and claimed that he had been "unlawfully imprisoned" for contempt of court.

Following the joinder of issue, over a period of more than 11 months, extending from July 18, 1989 to June 19, 1990, the Panel held seven sessions concerning the matter. During those sessions, respondent represented himself.

After hearing the evidence presented by both staff counsel for petitioner, and the respondent, including respondent's own testimony, the Panel found respondent guilty of six of the eight charges, dismissing charges four and eight, and recommends that respondent be suspended from practice for three years. Specifically, the Panel found respondent guilty of 19 violations of the Disciplinary Rules as follows: five violations of Code of Professional Responsibility DR 1-102 (A) (5), in that he engaged in conduct that is prejudicial to the administration of justice, five violations of DR 1-102 (A) (6), in that he engaged in conduct that adversely reflects on his fitness to

practice law, one violation of DR 6-101 (A) (3), in that he neglected a legal matter entrusted to him, two violations of DR 7-101 (A) (3), in that he intentionally engaged in conduct which prejudiced or damaged his client during their professional relationship, one violation of DR 7-102 (A) (7), in that he counseled his client in conduct that he knew to be illegal or fraudulent, four violations of DR 7-106 (A), in that he advised his client to disobey a ruling of a tribunal, and one violation of DR 7-106 (C) (6), in that he engaged in undignified or discourteous conduct, which is degrading to a tribunal.

The Panel has submitted a 14-page report and recommendation (Report), dated April 15, 1991, to this court. In the Report, the Panel states, at page 11, in pertinent part, that: "The Charges sustained separately constitute serious violations of respondent's obligations as an attorney to his clients and to the court, and respondent was found to have repeatedly and vexatiously engaged in such professional misconduct".

Further, the Panel notes, at page 12 of the Report: "respondent was found to be completely unrepentant and seemingly unaware, or at least unwilling to admit, that he had in any sense violated his oath as an attorney".

Our review of the more than 600-page hearing transcript, and of the exhibits admitted into evidence, persuades us that overwhelming evidence supports the findings of the Panel as to the six charges and the 19 Disciplinary Rule violations that were sustained. Further, in view of respondent's pattern of committing very serious acts of professional misconduct, over a three-year period, we find appropriate the Panel's recommendation that respondent be suspended for a period of three years.

Accordingly, the motion of the petitioner to confirm the Panel's report, only insofar as to the findings of fact, is granted, and it is ordered that the respondent be, and hereby is, suspended from the practice of law for a period of three years, and until further order of this court.

MURPHY, P. J., ELLERIN, KUPFERMAN, ROSS and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, effective as of February 14, 1992, until the further order of this court.