**GRIEVANCE COMMITTEE FOR the SOUTHERN DISTRICT OF NEW YORK, Petitioner–Appellee,**

v.

**Sam POLUR, Respondent–Appellant.**

**No. 3, Docket 94–7144.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 6, 1995.

Decided: Sept. 20, 1995.

---

Leon Silverman, New York City (Fried, Frank, Harris, Shriver & Jacobson), for petitioner-appellee.

Sam Polur, New York City, pro se.

Before: FEINBERG, KEARSE, and LEVAL, Circuit Judges.

PER CURIAM:

Respondent Sam Polur, an attorney who has been suspended from the practice of law in the State of New York ("State"), appeals from an order entered by the Grievance Committee of the United States District Court for the Southern District of New York ("the Grievance Committee" or "Committee") suspending him from practice in the Southern District until such time as he is reinstated to the practice of law in the State. On appeal, Polur contends principally that the Grievance Committee violated his right to due process by failing to provide him with timely notice of the institution of the disciplinary proceeding against him in the Southern District. For the reasons below, we affirm the order of the Grievance Committee.

## I. BACKGROUND

The General Rules of the United States District Courts for the Southern and Eastern Districts of New York ("General Rules") provide that

> [i]f it appears, after notice and opportunity to be heard, that any member of the bar of this court has been disciplined by any federal court or by the court of any state, territory, district, commonwealth or possession, the member may be disciplined by this court, in accordance with the provisions of paragraph (g).

General Rule 4(d). The disciplinary measures provided by General Rule 4(g) include suspension, censure, and striking the attorney's name from the court's rolls. In February 1992, following disciplinary hearings extending over 11 months, the New York Supreme Court, Appellate Division, First Department ("First Department"), suspended Polur from practice as an attorney for a period of three years. *In re Sam Polur*, 173 A.D.2d 82, 85, 579 N.Y.S.2d 3, 6 (1st Dep't 1992).

According to the records of the Southern District, Polur was admitted to practice in that district in February 1967. As required by General Rule 2(a), Polur furnished the clerk of the court with his address. The General Rules also require that "[i]f an attorney changes his or her residence or office address, the attorney shall immediately notify the clerk of the district in which the attorney is admitted." General Rule 2(d). The address Polur provided to the court in 1967 was 166–44 37th Avenue, Flushing, New York; he never notified the clerk of the Southern District of any change in his address.

In June 1993, upon learning that Polur had been suspended from practice by the First Department, the Grievance Committee for the Southern District entered an order to show cause dated June 16, 1993, directing Polur to show cause by July 16, 1993, why he should not be disciplined in accordance with General Rule 4(d). The order to show cause was mailed to Polur at 166–44 37th Avenue, Flushing, New York, but was returned by the Post Office with an indication that there was no such number.

On July 22, 1993, stating that it had received no response to its order to show cause, the Southern District Grievance Committee entered an order pursuant to General Rules 4(d) and (g) directing that Polur "be suspended from practice in this Court until such time as he is reinstated to practice law in the State of New York." This suspension order was mailed to Polur at 166–44 37th Avenue, Flushing, New York; it too was returned to the district court by the Post Office as undeliverable.

Polur states that he first learned of his suspension on July 28, 1993. He was then an attorney of record in a pending action in the Southern District, and he read a footnote in a decision in that action in which the judge referred to the suspension order entered by the Grievance Committee. Polur wrote to the Grievance Committee on July 29, 1993, from an address different from the one he had theretofore provided to the clerk, stating that he "deeply regret[ted] the difficulty in reaching me." He urged that the Southern District suspension be vacated on the ground

that his suspension by the First Department was "perfidious" and had been ordered without the state court's giving him an opportunity to present witnesses on his behalf. In August 1993, the Committee denied Polur's request that the Southern District suspension order be vacated, but it granted him until September 15, 1993, "to submit any additional reasons for reconsideration of the Committee's decision."

On September 6, 1993, Polur sent a letter to the Grievance Committee, arguing, *inter alia*, that his suspension from practice in the Southern District had been imposed by the Committee without notice and that the First Department's suspension of him was "suffused with RICO violations." After reiterating and elaborating on his challenges to the state-court proceedings, he asked that the Committee hold a hearing to review the disciplinary action of the First Department.

Treating Polur's September 6 letter as a motion for reconsideration of the suspension, the Grievance Committee entered an order stating that it had reviewed Polur's submission and that it denied the motion for reconsideration. Polur resubmitted his objections in another letter to the Committee dated September 22, 1993; that letter was endorsed with the Committee's previous ruling denying Polur's September 6 motion for reconsideration.

The Grievance Committee's August and September orders, in denying reconsideration of the July 22, 1993 suspension order, had inadvertently referred to that order as also having stricken Polur's name from the rolls of the court. On January 5, 1994, the Committee entered an amended order clarifying that the discipline imposed by the Committee did not include the striking of Polur's name from the court's rolls. The order again denied Polur's request for reconsideration of the order of suspension, and it directed that he remain suspended from practice before the Southern District until such time as he is reinstated to practice in the State of New York.

Polur has appealed, contending that the Grievance Committee's proceeding denied

him due process. For the reasons that follow, we reject his contentions.

## II.  DISCUSSION

■ "An elementary and fundamental requirement of due process ... is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The proper focus of the due process inquiry is not whether notice of the proceeding was actually received but whether the means selected were "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315, 70 S.Ct. at 657. *See also Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir.1988), *cert. denied*, 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989). Normally, the mails provide an efficient mechanism of communication "upon which prudent men will ordinarily rely in the conduct of important affairs." *Greene v. Lindsey*, 456 U.S. 444, 455, 102 S.Ct. 1874, 1880, 72 L.Ed.2d 249 (1982). "In the context of a wide variety of proceedings ... the Supreme Court has consistently held that mailed notice satisfies the requirements of due process." *Weigner v. City of New York*, 852 F.2d at 650.

■ The Southern District's requirements, imposed in its General Rules, that an attorney admitted to practice before the court (a) give the court his address and (b) inform the court clerk of any change in his address are requirements designed to permit the court to communicate with the attorney. When an attorney has furnished his address to the court clerk and has not informed the clerk that that address has been changed, the mailing of a court document to the address furnished by the attorney is reasonably calculated to apprise the attorney of that document. Such a mailing constitutes notice sufficient to meet the requirements of due process.

Polur states that in appearing in a number of actions in the Southern District he used addresses other than the one he had provided the clerk's office in connection with his admission to practice in the Southern Dis-

trict, and he argues that the Committee should have sent its order to show cause to an address he used in one of his appearances. We reject this suggestion. To the extent that the address Polur had provided to the clerk of the court was incorrect or had become out-of-date, Polur must bear the consequences. The court is entitled to rely on an attorney's apparent compliance with the rules of the court and to send notices to the address provided by the attorney. The attorney is not entitled to expect the court either to monitor his address changes, or to search the files of individual cases to see whether the attorney has filed a different address in a particular litigation, or to infer that attorneys with the same name but different addresses in various court papers are the same attorney.

Because the responsibility rested with Polur to ensure that his registration file contained up-to-date information, he cannot complain that the Committee's sending notice to the only address he had provided to the court clerk violated his right to be informed of the disciplinary proceeding against him.

■ Finally, we note that the Grievance Committee, after receiving Polur's letters, allowed him to submit any materials he wished in support of a motion for reconsideration. Polur submitted such materials, and the Committee reviewed them. He plainly received all the process he was due.

## CONCLUSION

We have considered all of Polur's arguments on this appeal and find them to be without merit. The order of the Grievance Committee suspending Polur from practice is affirmed.