Clark v. Palmer                          CV-95-297-SD  10/03/96

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Martha Clark

     v.                                        Civil No. 95-297-SD

Todd Palmer


                              O R D E R


     This civil action arises from plaintiff Martha Clark's

placement in protective custody for intoxication after she was

pulled over for driving with an inoperative front headlight in

Barnstead, New Hampshire.  Invoking 42 U.S.C. § 1983, the

complaint asserts that defendant Todd Palmer, a police officer

for the town of Barnstead, New Hampshire, infringed on

plaintiff's rights secured by the Fourth, Fifth, and Fourteenth

Amendments to the United States Constitution.

     Presently before the court is defendant Palmer's motion for

summary judgment, to which plaintiff has interposed an objection.


                            Background[1]

     On August 12, 1993, at approximately 10:00 p.m., plaintiff

Clark and a friend named James Burnham were driving to her home

_____

     [1]All references are to the complaint unless otherwise noted.

in Alton, New Hampshire, from Concord, New Hampshire, where the two had attended a funeral and then had consumed beer at a lounge. When the Clark vehicle reached Barnstead, it was stopped by Palmer, who was in uniform and on duty at the time. Palmer asked for Clark's license and registration and told her that one of her headlights was out (which upon examination by Clark the next day turned out to be true). See Deposition of Martha A. Clark at 16 (attached to defendant's motion for summary judgment).

Detecting the odor of alcohol on Clark's breach, Palmer began to ask Clark several specific questions such as where she was coming from and where she was going. See Deposition of Todd Palmer at 19 (attached to plaintiff's objection). Clark admitted to Palmer at one point that she had consumed alcoholic beverages before driving. Clark Deposition at 50.

Some time later, Palmer asked Clark to perform field sobriety tests, including heel-to-toe paces along the white line at the side of the road, which Clark did not complete with perfect accuracy. See Clark Deposition at 20. Palmer then took Clark into custody and transported her to the Wolfeboro, New Hampshire, police department, where he asked that she take a breathalyzer test. At approximately 11:26 p.m., Clark's blood alcohol concentration tested at .06. Palmer believed this figure

2

was too low to show that Clark was driving under the influence of alcohol under New Hampshire law.  Nonetheless, Palmer placed Clark under protective custody for violating a New Hampshire law governing intoxication.  Clark was then detained in the Belknap County Jail in Laconia, New Hampshire, from 12:27 a.m. until 6:28 a.m.  Clark now challenges this detention as violating her constitutional rights.

## Discussion

### 1.  Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Rule 56(c), Fed. R. Civ. P.; Lehman v. Prudential Ins. Co. of Am., 74 F.3d 323, 327 (1st Cir. 1996).  Since the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

When the non-moving party bears the burden of persuasion at trial, to avoid summary judgment he must make a "showing

3

sufficient to establish the existence of [the] element[s] essential to [his] case." Celotex Corp. v. Catrett,, 477 U.S. 317, 322-23 (1986). It is not sufficient to "'rest upon mere allegation[s] or denials of his pleading.'" LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (quoting Anderson, supra, 477 U.S. at 256), cert. denied, ___ U.S. ___, 114 S. Ct. 1398 (1994). Rather, to establish a trialworthy issue, there must be enough competent evidence "to enable a finding favorable to the non-moving party." Id. at 842 (citations omitted).

In determining whether summary judgment is appropriate, the court construes the evidence and draws all justifiable inferences in the non-moving party's favor. Anderson, supra, 477 U.S. at 255.

## 2. Plaintiff's Civil Rights Claims

Invoking 42 U.S.C. § 1983, Clark claims that Palmer placed her into protective custody without probable cause in violation of the Fourth Amendment. In response, Palmer states, inter alia, that (1) since the arrest was supported by probable cause, plaintiff's constitutional rights were not violated and, alternatively, (2) he is qualifiedly immune. Finding the second argument to be the more persuasive, the court addresses that claim first.

4

Government officials, including law enforcement officers, who perform discretionary functions are entitled to qualified immunity from suit in civil rights actions under section 1983, provided "their conduct did 'not violate clearly established statutory or constitutional rights of which a reasonable [government official] would have known.'" Hegarty v. Somerset County, 53 F.3d 1367, 1372 (1st Cir.) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), and citing Burns v. Loranger, 907 F.2d 233, 235 (1st Cir. 1990)), cert. denied, ___ U.S. ___, 116 S. Ct. 675 (1995).

Thus the court should assess whether the constitutional right allegedly violated was clearly established at the time of the violation and whether "an objectively reasonable [official], similarly situated, could have believed that the challenged [] conduct did not violate . . . constitutional rights." Hegarty, supra, 53 F.3d at 1373 (citing Burns, supra, 907 F.2d at 236) (emphasis in Hegarty).

The defense of qualified immunity shields law enforcement officials "who reasonably but mistakenly conclude that probable cause is present." Anderson v. Creighton, 483 U.S. 635, 641 (1987). Mistaken judgments are to be given "'ample room,'" and "'all but the plainly incompetent or those who knowingly violate the law'" are protected. Hunter v. Bryant, 502 U.S. 224, 229

5

(1991) (quoting <u>Malley v. Briggs</u>, 475 U.S. 335, 343, 341 (1986)).

In this circuit, when a plaintiff asserts that an arrest lacked probable cause, the officer's conduct "is deemed '"objectively reasonable"' unless 'there <u>clearly</u> was no probable cause at the time the arrest was made.'" <u>Topp v. Wolkowski</u>, 994 F.2d 45, 48 (1st Cir. 1993) (quoting <u>Floyd v. Farrell</u>, 765 F.2d 1, 5 (1st Cir. 1985)). Moreover, the issue of qualified immunity is a matter of law for the court to determine. <u>See</u> <u>Hegarty</u>, <u>supra</u>, 53 F.3d at 1373-74.

The undisputed facts in this case show that Palmer could have believed that he had probable cause to place Clark in protective custody pursuant to New Hampshire Revised Statutes Annotated (RSA) 172-B:3 (1994). Said statute provides:

> When a peace officer encounters a person who, in the judgment of the officer, is intoxicated as defined in RSA 172-B:1, X, the officer may take such person into protective custody and shall take whichever of the following actions is, in the judgment of the officer, the most appropriate to ensure the safety and welfare of the public, the individual, or both:
> . . . .
> (c) Lodge the person in a local jail or county correctional facility for said person's protection, for up to 24 hours or until the keeper of said jail or facility judges the person to be no longer intoxicated.

RSA 172-B:3, I(c). The statute defines "intoxicated" as "a condition in which the mental or physical functioning of an

6

individual is substantially impaired as a result of the presence of alcohol in his system." RSA 172-B:1, X.

It is undisputed that Palmer detected alcohol on Clark's breath, that Clark admitted to consuming alcoholic beverages before getting into her car, and that her blood alcohol concentration subsequently tested as being at .06 percent. In addition, it is also undisputed that Clark did not perform the field sobriety tests properly, although there is some dispute as to the level of her performance. Moreover, Clark agrees that it was reasonable for Palmer to have taken her into custody to investigate whether she had been driving under the influence of alcohol.[2] See Clark Deposition at 50 (attached to defendant's motion for summary judgment). Finally, although not dispositive of the issue, Palmer also knew that Clark was in the company of Burnham, who was disorderly at the time of the arrest. Based on

---

[2]At the time, the New Hampshire statute pertaining to driving under the influence of alcohol provided:

> I. No person shall drive or attempt to drive a vehicle upon any way:
> (a) While he is under the influence of intoxicating liquor or any controlled drug or any combination of intoxicating liquor and controlled drugs or
> (b) While he has an alcohol concentration of 0.10 or more.

RSA 265:82.

7

these facts, Palmer reasonably could have believed that he was justified in placing Clark in protective custody for intoxication.  Cf. Babb v. Dorman, 33 F.3d 472, 478 (5th Cir. 1994) (police officer entitled to qualified immunity for holding driver for public intoxication,[3] although driver violated no traffic laws, where it was shown officer knew driver had consumed five beers resulting in blood alcohol concentration of .08 and extremely intoxicated passenger was in car).  This conclusion is further buttressed by the significant amount of discretion Palmer was afforded by the intoxication statute.  Accordingly, the court finds and herewith rules that Palmer, being qualifiedly immune, is entitled to summary judgment on plaintiff's claim under the Fourth Amendment.[4]

---

[3]Unlike the New Hampshire statute, the Texas statute in question did not require "substantial" impairment of functioning. Nonetheless, as that statute requires impairment to the degree that a person "may endanger himself or another," it is sufficiently similar to the New Hampshire statute to use by comparison.

[4]It should be added that the court has reviewed plaintiff's objection in detail, but has found it to lack persuasive value. For example, plaintiff argues that Palmer had a mistaken impression of the standards enunciated in the intoxication statute in that Palmer believed that intoxication meant a "noticeable deviation from what would be considered normal behavior or performance of sobriety checks," while the statute defines intoxication as being "substantial[ly]" impaired in mental or physical functioning.  Although Palmer's misunderstanding of the law may be unforgivable, it does not bear on the probable cause analysis, which requires only an inquiry

## 3. The Due Process Claims

Plaintiff also alleges that her "imprisonment" violated both the Fourteenth Amendment and the Fifth Amendment, insofar as it was made applicable to the states by the Fourteenth Amendment, in that she had a right "not to be imprisoned and deprived of her liberty without due process of law." Complaint ¶ 19. There being no additional allegations set forth to support such claim, the court has assumed that the allegations underlying plaintiff's claim under the Fourth Amendment are the same as those underlying her due process claims.

The court has previously held that the proper vehicle to redress an arrest or detention not based on probable cause is the Fourth Amendment, rather than the Due Process Clause of the Fourteenth Amendment. See Filion v. Bellows Falls Foods, Inc., No. 93-641-SD, slip op. 8-10 (D.N.H. June 1, 1995). In that opinion, this court noted that the Supreme Court has held "that all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard,

---

into the objective reasonableness of the officer's behavior, and not into his subjective state of mind at the time. See Alexis v. McDonald's Restaurants, 67 F.3d 341, 349 (1st Cir. 1995).

9

rather than under a 'substantive due process' approach." <u>Graham</u> <u>v. Connor</u>, 490 U.S. 386, 395 (1989). In so holding, the Court reasoned that "[b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." <u>Id.</u>

More recently, the Supreme Court has held that the right to be free from prosecution without probable cause "is properly analyzed under the Fourth Amendment rather than under the heading of substantive due process." <u>Albright v. Oliver</u>, 510 U.S. 266, ___, 114 S. Ct. 807, 814 (1994) (Ginsberg, J., concurring).

Similarly, in this case, the allegations underlying plaintiff's due process claims are identical to those supporting her claim under the Fourth Amendment and should therefore be analyzed pursuant to the standards of that amendment, rather than pursuant to a theory of due process. Accordingly, the court finds and rules that defendant is entitled to entry of judgment as a matter of law on plaintiff's due process claims.

Conclusion

For the foregoing reasons, defendant Palmer is entitled to qualified immunity with respect to plaintiff's claims under the

10

Fourth Amendment and to judgment as a matter of law on the remaining counts of the complaint. Accordingly, the court finds and rules that defendant's motion for summary judgment is granted. The clerk is instructed to enter judgment.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 3, 1996

cc:  Philip T. McLaughlin, Esq.
     Daniel D. Crean, Esq.
     James G. Walker, Esq.

11