McGrath v. Guerin                 CV-096-JD      10/05/00

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Paul McGrath


        v.                              Civil No.  00-096-JD
                                        Opinion No. 2000 DNH 211
Daniel Guerin

**REPORT AND RECOMMENDATION**


        Paul McGrath, proceeding pro se, brings this 42 U.S.C. §

1983 civil rights suit challenging actions taken by Manchester

Police Officer Daniel Guerin in effecting McGrath's August 14,

1999 arrest and subsequent prosecution for Driving While

Intoxicated (document no. 1)[1].  Because McGrath is proceeding

both pro se and in forma pauperis, the complaint is before me for

preliminary review.  See 28 U.S.C. § 1915(e)(2); see also United

---

[1]Two additional filings, documents no.  6 and 9,  will be
construed as addenda to the complaint.  Document no. 6 is an
"Internal Investigation Civilian Complaint Control Card" which
indicates that the Manchester Police Department received a
complaint from a "Libertina McGrath" regarding false testimony by
Guerin where a formal investigation was recommended.  Document
no. 9 is a series of questionaires apparently distributed to and
received from jurors who sat on McGrath's Superior Court trial
regarding their observations and opinions of the trial relative
to the Driving While Intoxicated charge.

States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). For the reasons explained below, I conclude that McGrath has failed to state a claim upon which relief may be granted and, therefore, recommend that this action be dismissed.

Also before the court is a motion for transcripts (document no. 8). Because I recommend the complaint be dismissed, the motion for transcripts is denied, without prejudice, as moot.

## Standard

In reviewing a pro se complaint, this Court is obliged to construe the pleading liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of that party). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must

2

be accepted as true). This review ensures that <u>pro</u> <u>se</u> pleadings are given fair and meaningful consideration. <u>See</u> <u>Eveland v.</u> <u>Director of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988). Dismissal of <u>pro</u> <u>se</u>, <u>in</u> <u>forma</u> <u>pauperis</u> complaints is appropriate if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. <u>See</u> Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii)(effective April 26, 1996).

Background

According to the complaint[2], on August 14, 1999 at 1:05 a.m., Officer Daniel Guerin, a fifteen year veteran of the Manchester Police Department, was patrolling the streets of Manchester in an unmarked patrol car. Guerin saw McGrath's car weaving within it's travel lane, nearly colliding with several parked cars on the side of the road. McGrath's car then stopped

---

[2]McGrath attaches a copy of an 80-page transcript of his bench trial in the Manchester District Court. The transcript has been considered as part of the complaint. <u>See</u> Fed. R. Civ. P. 10(c)(requiring that written instruments attached to a pleading be construed as part of the pleading "for all purposes").

3

at a red light with it's front end protruding into the travel lane of the intersecting street.  Guerin tried to stop the car, which did not respond to the officer's blue flashing lights, and only pulled over after Guerin also activated his siren.

After the car was stopped, Guerin asked McGrath, who was the driver, for his license and registration.  McGrath did not have a license.  Guerin also observed that McGrath's speech was slurred and that there was a moderate odor of an alcoholic beverage coming from McGrath's breath.  McGrath had to support himself on the driver's door when getting out of his car and was unsteady on his feet.  McGrath admitted to drinking one beer earlier in the evening.

Officer Guerin had McGrath perform certain roadside field sobriety tests.  In the opinion of the officer, McGrath failed each of the tests.  Based on Guerin's observations, he determined that McGrath was under the influence of alcohol and therefore unfit to safely drive a car.  McGrath was arrested, brought to the police station, and booked for Driving While Intoxicated.

On September 30, 1999, a bench trial was held in the Manchester District Court (Champagne, J.). McGrath was found guilty by the judge and sentenced to a year in jail, and, through counsel, immediately entered a request on the record for a de novo trial in the Superior Court. On December 13, 1999, a jury trial was held in the Superior Court. McGrath was acquitted by the jury.

McGrath does not specifically recount his bail status during the pendency of his criminal case before the state courts, but as he is alleging that his incarceration from the date of his arrest until the date of his acquittal was illegal, I presume that he was held on bail at his post-arrest arraignment for the pendency of these matters[3]. At the time he requested a de novo trial, McGrath's bail was continued by the judge without objection from McGrath or his attorney.

McGrath now brings this civil rights action seeking monetary redress for his allegedly illegal incarceration between August

---

[3]It appears that McGrath is currently incarcerated on an apparently unrelated matter.

14, 1999 and December 13, 1999, and for perjury and false testimony he alleges was offered by Guerin during the two trials in this matter.

Discussion

1.   Illegal Incarceration

McGrath complains of "false incarceration" from the date of his arrest until the date of his acquittal by a jury. Construing this claim liberally, as I must, I find that McGrath alleges that Guerin violated his right under the Fourth and Fourteenth Amendments to be free from illegal seizure.

Any challenge to an illegal arrest is construed under the Fourth Amendment. Albright v. Oliver, 510 U.S. 266 (1994). To give rise to an action under 42 U.S.C. § 1983 for an illegal arrest under the Fourth Amendment, the plaintiff must allege that the defendant effected an unreasonable seizure of his person. U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no Warrants shall issue, but upon probable cause, supported by Oath or

affirmation...").  In order to be an unreasonable seizure, the arrest must have been made without probable cause.  <u>Sheehy v. Town of Plymouth</u>, 191 F.3d 15, 19 (1st Cir. 1999)(citations omitted).  "Probable cause to arrest exists where 'the facts and circumstances within [the police officer's] knowledge and of which [he] had reasonable trustworthy information were sufficient to warrant a prudent [person] in believing that the [arrestee] had committed or was committing an offense.'" <u>Id.</u> (quoting <u>Rivera v. Murphy</u>, 979 F.2d 259, 261 (1st Cir. 1992)); <u>see also</u> <u>Alexis v. McDonald's Restaurants of Mass.</u>, 67 F.3d 341, 351 (1st Cir. 1995) (explaining that warrantless arrests may be made as long as the officer is relying on objectively reasonable, trustworthy information).

Here, McGrath offers as facts surrounding his arrest only the testimony of the police officer at his District Court trial. He has not offered any facts, other than his acquittal, to suggest a lack of probable cause for his arrest.  It is clear based on the testimony of the officer that the arrest here was supported by probable cause.  After observing questionable

7

driving, the officer stopped the car and made further observations of McGrath's slurred speech, glassy eyes, "alcoholic beverage" smell and inability to pass field sobriety tests. These observations would lead a reasonable person in Guerin's position to believe that McGrath had committed the offense of Driving While Intoxicated[4]. See Alexis, 67 F.3d at 351; see also RSA 265:83 (Supp. 1997) (authorizing arrests without a warrant if the officer has probable cause to believe the driver has committed the offense of Driving While Intoxicated). The fact that the criminal charges ultimately resulted in a not guilty finding by a jury does not alter the objective reasonableness of Guerin's actions at the arrest site.

Further, although a jury ultimately acquitted McGrath, applying a "beyond a reasonable doubt" standard, it should be noted that a judge at a bench trial first found him guilty beyond a reasonable doubt based on Guerin's testimony. Further, at

---

[4]New Hampshire law makes it a crime to drive while under the influence of "intoxicating liquor or any controlled drug or any combination [thereof]." N.H. Rev. Stat. Ann. ("RSA") 265:82, I(a).

least one of the jurors believed that McGrath was probably guilty, but that the State in the Superior Court trial had not met its burden of proof to convict at trial.  These facts demonstrate that probable cause to believe a crime has been committed can lie where the proof is insufficient to convict beyond a reasonable doubt.

Because the complaint cannot be construed to allege that Guerin acted without probable cause when the challenged arrest occurred, plaintiff has not stated a viable claim for a Fourth Amendment violation.  See Albright, 510 U.S. at 274-75 (although not commenting on whether petitioner's § 1983 action for alleged prosecution without probable cause would survive Fourth Amendment scrutiny, explaining that the Fourth Amendment's protection against pretrial deprivations of liberty arises if the seizure was made without probable cause).

McGrath challenges not only the legality of his arrest, but of his continuing incarceration until his acquittal.  Once a proper arrest based on probable cause has been made the Fourth

9

Amendment is not implicated.  Brady v. Dill, 187 F.3d 104, 108

(1st Cir. 1999).

> Once the Fourth Amendment ha[s] dropped out
> of the equation, the Court [should consider]
> whether [the plaintiff] ha[s] been deprived
> of any of the specific subset of procedural
> guarantees, incorporated into the Fourteenth
> Amendment's Due Process Clause, that come
> into play after completion of an arrest
> (e.g., the prohibition against excessive
> bail, the guarantee of a speedy trial, and
> the like).

Id. (citing Baker v. McCollan, 443 U.S. 137 (1979)).  After an

arrest is perfected, the determination of whether or not an

arrestee is to remain incarcerated is made by a judge or

magistrate[5].  A decision whether to prosecute is made by a

prosecutor and an ultimate determination of guilt or innocence is

---

[5]In New Hampshire "[w]hen a person is arrested with or without a warrant he may be committed to a county correctional facility, to a police station or other place provided for the detention of offenders, or otherwise detained in custody; provided, however, that he shall be taken before a district or municipal court without unreasonable delay, but not exceeding 24 hours, Sundays and holidays excepted, to answer for the offense." RSA 594:20-a.  RSA 597 provides for a justice to determine bail and recognizances for an arrestee pending arraignment, trial, sentencing or appeal.

made by a judge or jury.  Therefore, Guerin cannot be held responsible for McGrath's post-arraignment detention.

Because "[t]he constitution does not guarantee that only the guilty will be arrested," Baker, 443 U.S. at 145, there are procedural protections provided to arrested persons by which they can establish their innocence and safeguard their due process rights.  Brady, 187 F.3d at 111.  These post-arrest protections are effectuated by the judicial officers of the legal system: prosecutors, judges and juries, not police officers.  Id. at 112; Thompson v. Olson, 798 F.2d 552, 556 (1st Cir. 1986) ("once the arrest has been properly effected, it is the magistrate and not the policeman who should decide whether probable cause has dissipated to such an extent following arrest that the suspect should be released.").

McGrath's suit against Guerin for alleged damages relating to his continued incarceration after the time when his incarceration was well out of Guerin's hands cannot stand. Because McGrath has failed to state a claim upon which relief may be granted against Guerin, and has named no other defendant in

his suit[6], I recommend that the "false incarceration" claim be dismissed[7].

    2.    <u>Perjury and False Swearing</u>

McGrath next claims that Guerin has violated his rights by committing criminal Perjury and False Swearing in the testimony he offered at McGrath's trials. The specific harm he is alleging is unclear. McGrath was ultimately acquitted of Driving While Intoxicated, in part as a result of the jury's determination that Guerin was not an entirely credible witness. He has not,

---

[6]There is no question, however, that had McGrath elected to name either a judge or prosecutor as a defendant to this claim, those actions would have been barred by the absolute immunity enjoyed by persons holding those offices. <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976).

[7]Further protecting Guerin from the Fourth Amendment claim is the doctrine of qualified immunity, which protects state officials from liability for damages in a civil rights action if "a reasonable officer could have believed [his actions] to be lawful, in light of clearly established law and the information the [] officer[] possessed." <u>Anderson v. Creighton</u>, 483 U.S. 635, 641 (1987). Here, where the constitutional standard for arrests based on probable cause is clear, and where no facts ascertainable in the complaint suggest that Guerin failed to comply with that standard, his actions were apparently lawful and he would be protected by qualified immunity.

therefore, been falsely convicted as a result of Guerin's testimony. However, construing this claim liberally, I find that McGrath is attempting to raise a claim that his Due Process right to a fair trial under the Fourteenth Amendment has been violated by Guerin's perjured testimony.

Even construing, as I must, McGrath's allegations of perjury as true, I find that this suit cannot lie against Guerin because witnesses, including police witnesses, have absolute immunity from liability for civil damages under 42 U.S.C. § 1983 for giving perjured testimony at trial. Briscoe v. LaHue, 460 U.S. 325, 326 (1983); Franklin v. Terr, 201 F.3d 1098 (9th Cir. 2000); Scarpa v. Desmond, 2 F.3d 1148 (1st Cir. 1993).

Because McGrath has not alleged any theory upon which Guerin can be held to answer for the violations alleged, I recommend Guerin be dismissed as a defendant in this action.

Conclusion

For the reasons set forth above, I recommend that the complaint be dismissed for failing to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii)&(iii);

13

LR 4.3(d)(1)(B)(i).  If approved, the dismissal will count as a strike against the plaintiff under 28 U.S.C. § 1915(g).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:     October 5, 2000

cc:       Paul McGrath

14