09-90087-am
In re Winford Kent Bishop

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of January, two thousand ten.

Present:

> WILFRED FEINBERG,
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> *Circuit Judges.*

—————————————————————————————————————

In re WINFORD KENT BISHOP,

       No. 09-90087-am

    *Attorney.*[*]

—————————————————————————————————————

| For Attorney: | JAMES E. SPENCE, JR., Wilson, Morton & Downs, LLC, Decatur, GA |
|---|---|
| For Grievance Committee of the Eastern District of New York: | BRIAN M. COGAN, Chair, Grievance Committee of the Eastern District of New York, New York, NY |

———————————

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the district court's order of reciprocal disbarment, entered July 24, 2008, its order denying Appellant's motion to vacate, entered January 16, 2009, and its order denying Appellant's motion for reconsideration, entered July 15, 2009, are **AFFIRMED**.

Appellant Winford Kent Bishop appeals from an order of reciprocal disbarment issued by the Grievance Committee of the United States District Court for the Eastern District of New York ("the Committee") pursuant to Eastern District Local Rule 1.5(d)(2), as well as the denial of his motions for an extension of time to reply, for vacatur of the order of disbarment, and for reconsideration of the same. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the imposition of disciplinary actions by a district court for a clear abuse of discretion. *In re Gouiran*, 58 F.3d 54, 56 (2d Cir. 1995). Bishop makes a variety of arguments on appeal, which boil down to three fundamental objections: that his Georgia disbarment was not a proper ground for reciprocal disbarment in the Eastern District; that the Committee denied him due process; and that the Committee imposed disproportionately severe discipline.

Bishop first contends that the Committee failed to recognize that he demonstrated all three grounds enumerated by the United States Supreme Court in *Selling v. Radford*, 243 U.S. 46 (1917), for not imposing reciprocal discipline: lack of due process in the original proceeding, "infirmity of proof" as to the alleged misconduct, or "some other grave reason." *Id.* at 51. "An elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

-2-

them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The proper focus of the due process inquiry is not whether notice of the proceeding was actually received but whether the means selected were reasonably adopted to accomplish such notice. *Grievance Comm. for S. Dist. of N.Y. v. Polur*, 67 F.3d 3, 6 (2d Cir. 1995) (per curiam). "When an attorney has furnished his address to the court clerk and has not informed the clerk that that address has been changed, the mailing of a court document to the address furnished . . . constitutes notice sufficient to meet the requirements of due process." *Id.*

The Georgia state disciplinary board went to great lengths to serve Bishop with notice of the disciplinary hearings pending against him. Multiple notices were mailed to his last known address, Bishop failed to collect notices forwarded to his new post office box, and personal service was attempted at his former office. Bishop's argument that the disciplinary authorities should have done more to notify him of the proceedings, are unavailing. *See Greene v. Lindsey*, 456 U.S. 444, 455 (1982) ("[T]he mails provide an efficient . . . means of communication upon which prudent men will ordinarily rely in the conduct of important affairs.") (citation and internal quotation marks omitted).

As to the second *Selling* ground–infirmity of proof as to the alleged misconduct–the "misconduct" at issue is Bishop's failure to respond to the notice of Georgia disciplinary proceedings. There is no doubt that there was more than enough proof of Bishop's failure to respond, *see Matter of Bishop*, 264 Ga. 241, 242 (1994) ("These facts . . . are sufficient to form the basis of a reasonable inference that Bishop knew the nature of the correspondence and deliberately ignored the notices."), such that the Committee was justified in "accept[ing] as final the conclusion [of the Supreme Court of Georgia] on that subject," *Selling*, 243 U.S. at 51.

Finally, Bishop makes no credible argument that reciprocal disbarment by the district courts constitutes a "grave injustice." Accordingly, we find that the Committee did not abuse its discretion in determining that Bishop's disbarment in Georgia warranted reciprocal disbarment in the Eastern District.

Bishop also contends that, by requiring an attorney to establish by "clear and convincing evidence" that reciprocal disbarment is not warranted, Local Rule 1.5(d)(2) articulates a higher burden of proof than *Selling* prescribes. This argument is foreclosed, however, by *In re Friedman*, 51 F.3d 20 (2d Cir. 1995), in which we concluded that, "[a]s *Selling* makes clear, it [is the disciplined lawyer's] burden to demonstrate by clear and convincing evidence that . . . the [state court] procedures were wanting," *id.* at 22.

Bishop also objects to aspects of the process by which reciprocal punishment was imposed. Contrary to his assertion, we find that the Committee's decision not to hold an evidentiary hearing prior to disbarring him did not violate the principles articulated by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976). "Under *Eldridge*, we consider the private interest affected by the action of the federal grievance committee in following the state order without an evidentiary hearing, the risk of erroneous deprivation of that private interest, and the federal grievance committee's interest in foregoing an evidentiary hearing." *Matter of Jacobs*, 44 F.3d 84, 90 (2d Cir. 1994). We recognize the significance of an attorney's interest in being able to practice law in a given jurisdiction, though we note that in a parallel proceeding Bishop admits to not having practiced law in the Southern District since 1971. Regardless, this Court has clearly found that, as a general matter, the failure to hold an evidentiary hearing presents a low risk of an erroneous deprivation of the private interest at issue here, and the

-4-

Committee's interest in conserving its limited resources is high. *See id.* at 91. We find no abuse of discretion in this respect.

In addition, Bishop argues that the Committee imposed upon him "grossly disproportionate" discipline "for conduct for which [it] . . . would not otherwise disbar an attorney" and that the Committee has refrained from reciprocally disbarring other attorneys accused of much more egregious misconduct. Bishop acknowledges, however, that the reciprocal proceedings in the Eastern District that he cites have "resulted in the same punishment as imposed by the originating court except in a handful of cases." Appellant's Br. 55. If nearly all of the reciprocal proceedings imposed the same punishment as the originating court did, then Bishop, by his own admission, was not treated differently than other attorneys when the Committee followed the Supreme Court of Georgia in disbarring him.

We have considered Bishop's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's order of reciprocal disbarment and its denial of Appellant's motions to vacate and reconsider that order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____