09-1686-pr
Sanders v. New York City Department of Corrections

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

PRESENT:

  ROGER J. MINER,
  GERARD E. LYNCH,
    *Circuit Judges,*
  DAVID G. TRAGER,*
    *District Judge.*

_____

Marvin Sanders,

    *Plaintiff-Appellant,*

  v.              No. 09-1686-pr

New York City Department of Corrections, Martin F. Horn, Commissioner, Security Captain Lockhard, North Infirmary Command, Jerome I. Davis, Dept. of Security, N.I.C., C.O. Davis, N.I.C., C.O. D'Ammico, Frank Squillante, Warden, N.I.C.,

    *Defendants-Appellees.*

_____

*Honorable David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Marvin Sanders, *pro se*, Bronx, NY, *for Plaintiff-Appellant Sanders*.

Michael A. Cardozo, Corporation Counsel of the City of New York; Alan G. Krams, Assistant Corporation Counsel, New York, NY, *for Defendants-Appellees New York City Department of Corrections, Horn, Jerome Davis, and Squillante*.

No appearance, *for Defendants-Appellees Lockhard, C.O. Davis, and D'Ammico*. *See* Fed. R. App. P. 31(c).

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*; Dolinger, *M.J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Marvin Sanders, proceeding *pro se*, appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 claims in favor of Defendants-Appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In doing so, this Court must determine whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Id.* However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Sanders argues that the district court's grant of summary judgment was improper because he never received the summary judgment motion papers. In response, Appellees Horn, Jerome Davis, Squillante, and the New York City Department of Corrections (the "City Defendants") argue that they properly served the papers on Sanders by mailing them to the last address he had provided to the district court.

Federal Rule of Civil Procedure 5 provides that a party may serve a "written motion" by "mailing it to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(a)(1)(D), (b)(2)(C). Although the City Defendants' first service was made by mailing the papers to an older address for Sanders, the City Defendants filed an amended declaration of service after mailing the papers to Sanders's correct last known address. The second service therefore complied with Rule 5.

This Court has recognized that, in the context of notice to parties of court actions and proceedings, "[t]he proper focus of the due process inquiry is not whether notice . . . was actually received but whether the means selected were 'such as one desirous of actually informing the [litigant] might reasonably adopt to accomplish it.'" *Grievance Comm. v. Polur*, 67 F.3d 3, 6 (2d Cir. 1995) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)). Here, the means selected by City Defendants – mailing the motion papers to Sanders's last known address – were reasonably calculated to provide Sanders with actual notice of the motion and, thus, they also satisfied the requirements of due process.

With respect to the merits of the motion, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment. We affirm for substantially the same reasons stated by the district court in its thorough January 30, 2009 order,

noting in particular that all of Sanders's claims are time-barred because the events in question occurred outside the three-year limitations period.

We have considered all of Sanders's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk