Robert D. **PRINCE**

v.

Jo Anne B. **BARNHART**, Commissioner of Social Security Administration

No. 1:04 CV 508.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 9, 2005.

Steven S. Packard, for Plaintiff.

James Alfred Garrett, for Defendant.

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HEARTFIELD, District Judge.

The Court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable law and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct, and the Report of the United States Magistrate Judge is ADOPTED. A Final Judgment will be entered separately, affirming the decision of the Commissioner and dismissing this action.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.[1]

### I. NATURE OF THE CASE

Plaintiff seeks judicial review of the Commissioner of Social Security Administration's (SSA) decision denying his application for Social Security disability benefits. United States district courts may review such decisions. 42 U.S.C. § 405 (2003). However, Congress limits the scope of judicial review to determinations as to whether (a) the Commissioner applied proper legal standards and (b) the decision is supported by substantial evidence. *See Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir.1995); *Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir.1992). Moreover, if proper principles of law were applied, and the Commissioner's decision is supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 230, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *see also,* 42 U.S.C. § 405(g).

### II. PROCEEDINGS

Plaintiff applied on February 26, 2001 (Tr. 61), claiming disability due to (1) *coronary bypass surgery,* (2) *carpal tunnel syndrome,* and (3) *bone spur on left heel* (Tr. 70). Plaintiff requested and received an evidentiary hearing before an administrative law judge ("ALJ") (Tr. 36). ALJ John Jarrett determined that plaintiff has a combination of impairments consisting of (1) *coronary artery bypass grafting times six,* (2) *non-insulin diabetes mellitus,* (3) *peripheral neuropathy,* (4) *hypertension,* and (5) *carpal tunnel syndrome.* (Tr. 20, Finding 3)

ALJ Jarrett further concluded that these impairments are severe so as to prevent plaintiff from engaging in his past occupation. However, ALJ Jarrett determined that plaintiff nevertheless retains capacity to do light work, subject to cer-

1. *See* 28 U.S.C. § 636(b)(1)(B) (2001) and Loc. R. CV–72 & App. B, R.1(H) for the Assignment of Duties to United States Magistrate Judges, and Beaumont General Order 98–6.

tain specified limitations. In ALJ Jarrett's view, this capacity permits plaintiff to perform alternative work. Relying on expert vocational testimony, ALJ Jarrett specifically concluded that plaintiff can still work as a *work order detailer, counter sales clerk, and sales person in hardware,* jobs that are available in substantial numbers. Tr. 20.

Since plaintiff can still perform substantial gainful employment, ALJ Jarrett decided that plaintiff is not disabled within the meaning of the Social Security Act. He therefore denied plaintiff's claim for disability benefits.

### III. POINTS OF ERROR AND COMMISSIONER'S RESPONSE

Although plaintiff's brief asserts three alleged errors, plaintiff's arguments conceptually raise two points. Plaintiff argues first that ALJ Jarrett erred in ignoring and failing to consider the combined effect and cumulative impact of one of plaintiff's alleged impairments, *viz., heel pain resulting from bone spurs,* as required by governing case law and 20 C.F.R. § 404.1523 (2004). Second, plaintiff argues that ALJ Jarrett failed to follow applicable law when evaluating plaintiff's subjective testimony regarding pain and effects of all his symptoms in two respects. Specifically, plaintiff contends that ALJ Jarrett failed initially to evaluate his subjective testimony by measuring it against seven objective factors, as required by Regulation 20 C.F.R. § 404.1529(c)(3) (2004). Further, ALJ Jarrett allegedly

erred when ultimately failing to make specific credibility findings with respect to those portions of plaintiff's testimony that ALJ Jarrett rejected, as required by governing circuit case law and Social Security Ruling (SSR) 96–7p.[2]

Plaintiff argues that these proffered errors warrant reversal because his testimony regarding intensity, persistence and functionally limiting effects of his symptoms was inconsistent with a finding of residual functional capacity for light work. Plaintiff argues that had ALJ Jarrett followed the prescribed course for evaluating subjective testimony, the result of the proceedings might have been different, i.e., favorable to plaintiff.

The Commissioner's response—not necessarily *ad rem* to the specific points of error—is that the ALJ properly considered plaintiff's subjective complaints because ALJ Jarrett "included limitations in his hypothetical questions to the vocational expert [affecting] abilities such as walking, climbing, and postural abilities." Deft.'s Br. at p. 6. The Commissioner further argues that subjective complaints must be corroborated by objective evidence, and that plaintiff's complaint of pain due to heel spur is not corroborated by medical evidence. *Id.* The Commissioner also argues that the ALJ properly found plaintiff's subjective complaints "creditable but not to the degree alleged," because medical evidence does not support alleged severity of subjective complaints. *Id.* at p. 7.

---

2. Verbatim, plaintiff's points of error are as follows:
   "The Commissioner failed to apply proper principles of law because:
   1. The ALJ improperly evaluated the Plaintiff's subjective complaints of pain.
   2. The ALJ failed to consider all of Plaintiff's impairments and their cumulative effect.

   The Commissioner's decision is not supported by substantial evidence because:
   3. The ALJ failed to articulate sound and plausible reasons for rejecting the subjective testimony of the Plaintiff regarding his disabilities arising from his pain or other symptoms."
   Pl.'s Br. at p. 1.

## IV. Discussion and Analysis

For analytical convenience, this section addresses plaintiff's points of error in a logical, but different sequence than they were proffered in plaintiff's brief.

### A. Considering Alleged Impairments

Plaintiff asserts error as follows:

> *"The ALJ failed to consider all of Plaintiff's impairments and their cumulative effect."*

Through this error, plaintiff complains that ALJ Jarrett did not discuss an alleged impairment of "bone spurs" in his decision, and did not include it in a hypothetical question addressed to the vocational expert who testified. Plaintiff argues that these omissions "deprived the Plaintiff of having his eligibility for benefits accurately determined." Pl.'s Br. at p. 20. In that respect, plaintiff argues that governing case law and the Commissioner's regulation required ALJ Jarrett to consider the cumulative impact of all impairments, regardless of their severity. Moreover, plaintiff argues that a discussion of bone spurs (and presumably inclusion of bone spurs in the hypothetical question to the vocational expert) "would normally impact the ALJ's decision of whether the Plaintiff can remain on his feet essentially all day long as required by the light exertional level." *Id.*

#### 1. *Legal Standards*

Social Security benefits based on disability are awarded only for "impairments" that render a person unable to engage in any substantial gainful activity for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). For Social Security disability purposes, an "impairment" is an abnormality that *can* be shown by medically acceptable clinical and laboratory diagnostic techniques, and, in fact, *must* be established by medical evidence, as op-

posed to the claimant's subjective statement or symptoms. 20 C.F.R. § 416.908 (2004). Mere notations of subjective complaints fall short of "medically acceptable clinical and laboratory diagnostic techniques" required to establish an impairment. 20 C.F.R. § 404.1508 (2004).

■ Frequently—as here—disability claimants exhibit multiple impairments of varying severity. In such circumstances, administrative law judges consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to be a basis for disability. *See* 20 C.F.R. § 404.1523 (2004); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir.2000), citing *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir.1999); *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir.1992); *Sewell v. Heckler*, 764 F.2d 291, 294 (5th Cir.1985); *Davis v. Heckler*, 748 F.2d 293, 296 (5th Cir.1984); *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir.1984). Failure to consider combined impact of multiple impairments constitutes a failure to apply correct principles of law. *Loza*, 219 F.3d at 393, 399; *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir.1985).

#### 2. *Application*

The Commissioner utilizes a five-step sequential analysis when evaluating disability claims.[3] This court previously observed that a befitting approach at Step 2 is for an administrative law judge to address three distinct questions: (1) Does an allegedly disabling condition constitute an "impairment"? (2) If so, is that impairment "severe"? (3) If not severe standing alone, does it combine with other impairments so that the cumulative effect is "severe"? *Zeno v. Barnhart*, No. 1:03cv649,

---

**3.** The five steps are established by regulation. 20 C.F.R. § 404.1520(a)-(f) (2004).

2005 WL 588223, at *4 (E.D.Tex. Feb.4, 2005).

■ ALJ Jarrett clearly was aware of plaintiff's alleged bone spurs. He recited "left heel spur" as a claimed impairment in the first paragraph of his evaluation of the evidence. Tr. 15. He also acknowledged that he had a duty to consider all symptoms, including pain. Tr. 16. Given these recitations, ALJ Jarrett's subsequent omission of bone spurs from his listing of combined, medically-determinable, severe impairments must be deemed deliberate. Further, it connotes that ALJ Jarrett found plaintiff's alleged bone spur not to rise to the level of an impairment.

Such finding clearly is supported by substantial evidence. The only evidence of bone spurs is plaintiff's subjective testimony. By definition, that is insufficient to establish an impairment. 20 C.F.R. § 416.908 (2004). There are only two notations of bone spurs in the medical records.[4] In each instance, however, the reference is to a *history provided by plaintiff.* The record is devoid of any medical diagnosis, finding, treatment or therapy regarding bone spurs. Significantly, plaintiff saw podiatrist Dr. Joseph Weinman, at the Houston Veterans Administration Medical Center, on January 30 and April 3, 2002, for treatment of ingrown toenail. There is no indication that plaintiff complained of or was treated for heel spurs at either visit. Tr. 239, 244.

At Step 2 of the sequential evaluation process, an administrative law judge initially must consider all alleged impairments.[5] However, only conditions that rise to the level of an impairment—as defined for Social Security purposes—must be evaluated singly or in combination for the remainder of the sequential analysis. The law only requires further consideration of the combined effect of conditions *determined* to be impairments. It does not require a full, five-step consideration of all conditions *alleged* to be impairments.

*Loza v. Apfel,* cited by plaintiff, and Regulation 20 C.F.R. § 404.1523 do not support the assertion that an administrative law judge must consider cumulative impact of all alleged impairments, regardless of their severity, throughout the sequential evaluation. To the contrary, both authorities make clear that only those combined *impairments* found to be *medically severe* need be considered throughout the disability determination. In *Loza v. Apfel,* the court stated:

"If the ALJ finds *a medically severe combination of impairments,* 'the combined impact of the impairments will be considered throughout the disability determination process.'"

*Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000). The regulation expresses the same intellection as follows:

"If we do find *a medically severe combination of impairments,* the combined impact of the impairments will be considered throughout the disability process."

If only medically severe impairments must be considered beyond Step 2, it follows, *a fortiori,* that a condition that does not even

---

4. On July 16, 2001, examining physician Dr. Rama Veluswamy recited in plaintiff's "history" that plaintiff has "left heel bone spur with difficulty walking." Tr. 113. A medical record from Veterans Administration Clinic in Houston, Texas, notes that plaintiff reported "h/o [history of] pain in lt [left] heel as a spur" on August 7, 2001. Tr. 127.

5. At Step 2, the Commissioner determines *if the applicant's impairment or combination of impairments is severe,* that is, of a magnitude sufficient to limit significantly the individual's physical or mental ability to do basic work activities. If not, the inquiry ends and a finding of non-disability is entered. 20 C.F.R. § 404.1520(a)(4)(ii) (2004).

meet the definition of impairment need not be considered further.

Clearly, ALJ Jarrett did not err with respect to consideration of plaintiff's alleged bone spurs. He found the evidence insufficient to establish bone spurs as an impairment, as that term is defined. He properly declined thereafter to factor bone spurs into the severity analysis at Step 2, or at any remaining step, including the hypothetical question posed to the vocational expert. This point of error, therefore, lacks merit.

## B. Evaluating Subjective Complaints

Plaintiff's remaining points challenge how ALJ Jarrett evaluated plaintiff's subjective testimony regarding pain and effects of all his symptoms.[6] The first asserts that ALJ Jarrett disregarded a regulation directing him to compare plaintiff's testimony to specified objective factors when deciding how much weight to give the testimony. The second argues that ALJ Jarrett's decision is not supported by substantial evidence because he did not make or explain adverse credibility determinations.

### 1. *Legal Standards*

#### a. *Assessing Credibility of Subjective Complaints*

■ When a claimant's clinically-demonstrated physical impairment is not conspicuously disabling, an ALJ must then consider a claimant's subjective complaints as well as objective medical evidence. *See*

*Wingo v. Bowen,* 852 F.2d 827, 830 (5th Cir.1988); *Loya v. Heckler,* 707 F.2d 211, 214 (5th Cir.1983). Subjective pain is analyzed as a potential nonexertional limitation. *Dellolio v. Heckler,* 705 F.2d 123, 127 (5th Cir.1983); *see also Carter v. Heckler,* 712 F.2d 137, 142 (5th Cir.1983). To support an application, a claimant's pain must accompany a "medically determinable impairment that could reasonably be expected to produce ... symptoms such as pain." 20 C.F.R. § 404.1529(b) (2004). When a claimant proves such a medically determinable impairment, an administrative law judge may not reject complaints of pain solely because medical evidence does not support those complaints to the degree alleged. 20 C.F.R. § 404.1529(c)(2) (2004).

Inevitably, the only direct source of evidence regarding disabling effects of pain and other impairments is the afflicted person. Such evidence, however, is largely subjective, and the task of determining when a claimant's allegations of pain are credible is difficult and inherently imprecise. Commendably, the Commissioner attempts by regulation to establish an analytical rubric whereby administrative claims adjudicators can reach fair results with substantial consistency. Regulation 20 C.F.R. § 404.1529(c)(3), instructs adjudicators to conduct a seven-factor analysis when determining the credibility of a claimant's subjective complaints of pain. The adjudicator compares subjective testimony with certain objective factors, specifically:

---

**6.** At the administrative hearing, plaintiff was represented by counsel, and testified extensively. He testified that while he can lift 25 pounds and carry 35 to 40 pounds, he has (1) severe coronary artery disease; (2) undergone a 6–bypass surgery; (3) undergone carpal tunnel and cubital tunnel surgery which failed, as evidenced by continuing and worsening pain and numbness in both arms and hands; (4) leg pain, chest pain triggered when taking a deep breath and foot pain due to bone spurs; (5) shortness of breath, and sometimes dizziness, when he walks for over two hundred feet, or bends over to tie his shoes, or gets out of his chair, gets out of bed, or picks up something from the floor; (6) lost muscle control and grip in his left hand, and is beginning to experience similar symptoms in his right hand; (7) blurry vision due to diabetes; and (8) low energy and fatigue necessitating naps every day for an hour or two.

(1) plaintiff's daily activities;

(2) location, duration, frequency and intensity of pain or other symptoms;

(3) precipitating and aggravating factors;

(4) type, dosage, effectiveness and side effects of medication taken to relieve pain or other symptoms;

(5) treatment, other than medication, undertaken to relieve pain or other symptoms;

(6) any other measures used to relieve pain or other symptoms; and

(7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

Since substantive regulations have the force and effect of law, failure to employ the seven-factor analysis when assessing credibility of subjective complaints constitutes legal error. *Compare Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir.2002) (Failure to follow regulation constitutes legal error); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990) (Failure to follow standard established by regulation constitutes legal error).

### b. Credibility Findings

In furtherance of the consistency goal, and in the interest of just determinations, the Commissioner instructs administrative adjudicators to make specific credibility findings regarding subjective testimony. Social Security Ruling 96–7p states:

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. *This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.*"

Soc. Sec. R. 96–7p, 1996 WL 374186, at *1 (italics added)

■ Although the Commissioner's interpretive rules and general statements of policy do not have the force and effect of law, when an agency violates its own rules and prejudice results, the proceedings are tainted and any actions resulting from the proceeding cannot stand. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981) (citing *Pacific Molasses Co. v. Federal Trade Commission*, 356 F.2d 386 (5th Cir. 1966)). A claimant establishes prejudice by showing that adherence to the ruling might have led to a different decision. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir.2000) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir.1995)).

Governing circuit precedent independently establishes a similar duty to make specific credibility findings in some situations. When the evidence as a whole clearly supports a disability application, an administrative law must give reasons for rejecting the claimant's subjective testimony. In *Falco v. Shalala*, 27 F.3d 160 (5th Cir.1994), the court stated:

"[W]hen the evidence clearly favors the claimant, the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain."

*Id.*, at 163 (5th Cir.1994)(italics added). See also, *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir.1988)(holding that when uncontroverted medical evidence shows a basis for claimant's pain, an ALJ's unfavorable credibility evaluation will not be upheld on judicial review absent "articulated reasons for discrediting the claimant's subjective complaints of pain"). Circuit law establishes that subjective complaints of pain may be rejected when, e.g., they are not corroborated by objective medical evidence. *See Wren v. Sullivan*, 925 F.2d

123, 129 (5th Cir.1991); *Houston v. Sullivan,* 895 F.2d 1012, 1016 (5th Cir.1989). Moreover, in recording credibility choices, the ALJ is not required to "follow formalistic rules in his articulation." *Falco v. Shalala,* 27 F.3d at 163.

2. *Did ALJ Disregard Regulation 20 C.F.R. § 404.1529(c)(3)?*

■ Plaintiff's first attack on ALJ Jarrett's treatment of plaintiff's subjective testimony is as follows:

> "The ALJ improperly evaluated the Plaintiff's subjective complaints of pain."

Plaintiff cites the seven factors in Regulation 20 C.F.R. § 404.1529(c)(3), and argues that ALJ Jarrett wholly ignored evidence relating to Factor 2 (location, duration and intensity of pain or other symptoms); Factor 3 (precipitating and aggravating factors); and Factor 6 (other measures used to relieve pain or other symptoms). Plaintiff's brief summarizes evidence which plaintiff contends relates to these factors, and it concludes with assertions that proper discussion of those factors would have revealed that plaintiff is incapable of standing and walking requirements of light work. Plaintiff argues that ALJ Jarrett then would have determined residual func-

tional capacity for only sedentary work which, given plaintiff's age, education and work experience, would have resulted in a finding of disability.

ALJ Jarrett did not parse the evidence into discrete segments corresponding with the seven factors of Regulation 404.1529(c)(3). However, neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered. *See Shave v. Apfel,* 238 F.3d 592, 595 (5th Cir.2001) (finding that the *context* of the ALJ's decision reflects adequate consideration of a regulatory factor: use of pain medication).

Here, ALJ Jarrett's decision amply reflects his awareness of and substantial compliance with the requirements of Regulation 404.1529(c)(3). First, ALJ Jarrett cited the regulation, thereby acknowledging its relevance to his deliberations. Tr. 16. Second, ALJ Jarrett summarized evidence relevant to Factors 2, 3 and 6.[7] Third, ALJ Jarrett articulated legitimate reasons for his decision. In sum, ALJ Jarrett's opinion is sufficient to ascertain

---

7. *Factor 2: Location, Duration, Frequency and Intensity of Symptoms:* ALJ Jarrett acknowledged examining physician Dr. Rama Veluswamy's notation of plaintiff's subjective complaint of left heel pain and difficulty walking, and he acknowledged plaintiff's testimony regarding "left foot bone spur." Tr. 17; *see* Tr. 113. He further acknowledged plaintiff's history of "carpel tunnel syndrome" and testimony that his "fingers are numb" and that "[h]e has no grip or control of his left hand." *Id.* He noted plaintiff's report that his "vision is blurry due to diabetes" and recited plaintiff's statement that "[h]e has very little energy." *Id.* Finally, he acknowledged plaintiff's history of "heart problems" and attendant "shortness of breath." *Id.*

*Factor 3: Precipitating and Aggravating Factors:* ALJ Jarrett acknowledged that plaintiff

suffers shortness of breath. Tr. 17. He imposed limitation on plaintiff's ability to perform light work, specifically against climbing more than 10 steps, which takes into account plaintiff's shortness of breath and dizziness upon exertion. Tr. 20, Finding 6. He also credited plaintiff's complaints of symptoms associated with carpal tunnel syndrome, as demonstrated by other limitations which ALJ Jarrett determined, specifically "limited use of his left hand.... [and] avoid[ance of] repetitive use of his left hand." Tr. 18; Tr. 20, Finding 67.

*Factor 6: Other Measures Employed to Alleviate Symptoms:* ALJ Jarrett acknowledged plaintiff's testimony that he "sits a lot in a recliner and elevates his leg" and that he "has very little energy." Tr. 17

that he considered all factors relevant to pain in accordance with correct legal standards. Thus, the decision reflects no reversible error with respect to ALJ Jarrett's methodology for addressing subjective testimony.

### 3. Did ALJ Disregard SSR–96–7p or Governing Circuit Precedent?

Plaintiff's final point is as follows:

*"The ALJ failed to articulate sound and plausible reasons for rejecting the subjective testimony of the Plaintiff regarding his disabilities arising from his pain or other symptoms."*

Pl.'s Br. at p. 1. Plaintiff apparently believes it to be self-evident that his subjective testimony regarding pain, if credited, would result in a favorable determination. Since the determination was unfavorable, plaintiff presumes that ALJ Jarrett found plaintiff's subjective testimony lacking in credibility. Plaintiff argues, however, that his subjective testimony was never contradicted by the examining physician,[8] and that ALJ Jarrett's decision contains nothing explaining why, or the degree to which

ALJ rejected plaintiff's subjective testimony. Plaintiff argues, therefore, that ALJ Jarrett's decision lacks substantial evidentiary support and must be reversed.

▪ This is not a case where the evidentiary record as a whole clearly favors plaintiff's application. While plaintiff's subjective testimony supported his claim, a considerable body of evidence from other sources, viz., an examining physician,[9] a medical expert,[10] a vocational expert [11] and medical records [12] did not consistently support or corroborate plaintiff. Thus, ALJ Jarrett was not required by circuit law to articulate reasons for rejecting plaintiff's subjective complaints, and, consequently, the court cannot find lack of substantial evidence under the circuit's *per se* rule.

▪ There remains SSR 96–7p, however, which unambiguously required ALJ Jarrett to evaluate intensity, persistence and functionally limiting effects of plaintiff's symptoms and to *"make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects."* The only thing in ALJ

---

8. A consultative or examining physician is a physician who performs a discrete individual examination of a claimant at the request of Social Security Administration, who may not have the history or perspective attendant with treating an individual over a period of time. *See* 20 C.F.R. § 404.1519 (2004).

9. Dr. Rama D. Veluswamy, M.D., examined plaintiff on July 16, 2001. Dr. Veluswamy's "Assessment" stated that plaintiff is "[u]nable to do his work [as steel worker and pipe fitter] because of carpal tunnel syndrome with pain in hands and fingers, and pain in the ankle and chest pain on exertion." Although he recorded plaintiff's report of "left heel bone spur" (Tr. 113), Dr. Veluswamy observed that plaintiff has "normal gait" and "ambulates well without difficulty." Tr. 115.

10. Dr. Earl F. Beard, M.D., testified at the administrative hearing as medical expert. Dr. Beard is board-certified in internal medicine and specializes in cardiovascular disease. Tr. 41. Dr. Beard testified that plaintiff's

medical records indicate that he can work at the light level with avoidance of extreme temperatures and moving machinery (Tr. 279) due to limited use of his hands (Tr. 282–83).

11. Kay Gilreath testified at the administrative hearing as vocational expert. Ms. Gilreath is a vocational rehabilitation counselor and consultant with sixteen years' experience in that field. Tr. 43. Ms. Gilreath testified that plaintiff cannot perform his past work (Tr. 285) but can perform alternative work with limitations imposed in the ALJ's hypothetical question (Tr. 285–86).

12. The record contains no evidence of diagnosis or treatment of blurred vision. Examining physicians' notations of plaintiff's subjective complaints regarding bone spur in his left heel (Tr. 127, 17) are not supported by radiologic or other clinical proof of left heel bone spur.

Jarrett's decision that even approaches a credibility finding is this statement:

> "[T]he undersigned ALJ finds the claimant's testimony and subjective complaints are *generally credible, but* that he can make a vocational adjustment to perform other work."

Tr. 18 (italics added). Thus, the full extent of ALJ Jarrett's rejection of plaintiff's subjective complaints are three words, *"generally credible, but."* This phrase connotes that ALJ Jarrett did not fully accept plaintiff's subjective testimony.

This generally-credible-but articulation escapes meaningful judicial review. What does *"but"* refer to? Does it refer to *intensity* or *persistence* or *functionally limiting effects* of plaintiff's symptoms, or to *all* of these? Whatever ALJ Jarrett might have had in mind, his decision provides no clue. Moreover, his decision gives no indication as to *why* he doesn't fully credit plaintiff's subjective testimony. Hence, ALJ Jarrett did not satisfy his duty under SSR 96–7p to make a finding about the credibility of the plaintiff's statements about his symptoms and their functional effects.

### 4. *Does the Error Warrant Reversal?*

■ The final inquiry is whether the error noted in the last section (violation of the Social Security Administration's own rules) warrants a reversal here. It does if the court accepts plaintiff's implicit invitation to broaden this circuit's automatic-reversal rule. Essentially, plaintiff argues that an administrative law judge must articulate sound and plausible reasons for discrediting subjective complaints in every situation that a statute, regulation or ruling requires a specific credibility finding. Failure to do so would deprive the adverse decision of substantial evidentiary support.

Plaintiff's argument is attractive in at least one respect. It would facilitate judicial review because it would require administrative law judges to express certain credibility findings in a manner susceptible to meaningful review. It would eliminate or substantially reduce the awkward position that lower courts are in when an administrative law judge expresses a meaningless, inscrutable, or even self-contradictory (e.g. *"generally credible, but"* or *"creditable but not to the degree alleged"*) determination. Lower courts rightly have cause for concern when the Commissioner asks that her decision be affirmed but offers nothing more perceptible than the administrative law judge's *ipse dixit.*

Moreover, plaintiff's proposed requirement would not be draconian. It is not onerous or unreasonable for a judge to state why he discredits a witness's testimony. Did the witness give inconsistent, evasive or false testimony? Is the witness's testimony outweighed by other credible evidence? Do other factors, e.g., lack of objective medical evidence, impugn the witness's credibility? Expressing reasons for credibility choices is simply good practice on the part of any judge when making written findings based on conflicting evidence.

However, research fails to disclose precedent establishing such a rule, and in the absence thereof, the undersigned hesitates to apply it. First, an earlier decision of this court declined a similar invitation. In *Henson v. Barnhart,* 373 F.Supp.2d 674 (E.D.Tex.2005), plaintiff advocated a rule that would require an administrative law judge's findings to be as comprehensive and analytical as feasible, and to include always a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for that decision. The court concluded that such a rule might place an administrative law judge in a ridiculous position of providing excessive

detail, and also that adoption of such a standard would depart from circuit jurisprudence declining to require formalistic rules. *Id.* at 686.

Second, sound judicial policy requires consistently high deference to a fact-finder's credibility choices. Weighing conflicting evidence is the prerogative of the fact-finder, and in this circuit, the rule seems well-established that due regard for the trier of fact requires that specific credibility determinations be left undisturbed in absence of a "definite and firm conviction" that a mistake was committed. See, e.g., *Canal Barge Co., Inc. v. Torco Oil Co.,* 220 F.3d 370, 375 (5th Cir.2000); *Sly v. Day,* 31 Fed.Appx. 833 (5th Cir.2002). However, a rule such as that advocated by plaintiff would invite judicial second-guessing of credibility determinations in every contested case. This circuit presently imposes a duty to articulate specific adverse credibility determinations in social security cases only when the evidence clearly supports the claimant's subjective testimony. Perhaps that is the right balance notwithstanding that in cases such as this, judicial review is awkward.

Finally, settled social security jurisprudence establishes that plaintiff is not entitled to reversal and remand of the Commissioner's decision unless plaintiff also shows prejudice arising from violation of an internal interpretation or policy statement. See Sec. IV.B.1.b, *supra.* Plaintiff's brief, however, neither argues nor attempts to show that prejudice ensued from this violation.[13] Moreover, independent review does not suggest that ALJ Jarrett might have come to a different conclusion had he articulated his credibility choices in reviewable format. With re-

gard to heel pain resulting from bone spurs and blurry vision, for example, had ALJ Jarrett troubled himself to make an explicit credibility finding, he might well have rejected that testimony by noting that neither condition is corroborated by objective medical evidence. Similarly, with respect to plaintiff's testimony that he suffers from fatigue to the point that he must take one to two naps per day, ALJ Jarrett might have discounted the testimony because no physician has imposed functional limitations due to plaintiff's alleged lack of physical stamina. In short, plaintiff points to no aspect of his subjective testimony that ALJ Jarrett could not have articulated some basis for not fully crediting, and the undersigned does not perceive any such aspect as well.

Since plaintiff does not demonstrate prejudice, ALJ Jarrett's error in failing to make meaningful, reviewable, plausible and sound credibility determinations does not constitute reversible error. *See Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir. 2000).

## V. RECOMMENDATION

The Commissioner's decision should be affirmed.

## VI. OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendation contained in this report within 10 days after service shall bar an aggrieved party

---

**13.** Plaintiff argued that prejudice ensued from ALJ Jarrett's failure to employ a seven-factor analysis of subjective testimony. This was a separate and distinct point from the error in failing to articulate reasons for credibility

choices. Moreover, this report concludes that ALJ Jarrett did not err with respect to the methodology utilized for evaluating subjective testimony. See Sec. IV.B.2, *supra.*

from *de novo* review by the district court of the proposed findings and recommendations.