# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60287

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2026

Lyle W. Cayce
Clerk

Edward Alan Havice,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:24-CV-87

———————————————————————

Before Southwick, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Edward Havice, a military veteran, was 56 years old when he sought treatment for fatigue and pain in his back, hip, and shoulders. After receiving his diagnoses, he applied for and was denied disability-insurance benefits. So he sued the Commissioner of the Social Security Administration (SSA). Because substantial evidence supports the denial of benefits to Havice, we

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60287

AFFIRM the district court's decision upholding the agency's determination.

I

Edward Havice applied in February 2022 for Title II disability-insurance benefits, alleging spinal, hip, shoulder, and nerve pain beginning in January 2022. He alleged that pain from those conditions prevents him from working. The SSA denied Havice's application for benefits on initial determination and reconsideration. So he requested an administrative hearing, which was held in December 2023. An administrative law judge (ALJ) assessed Havice's residual functional capacity (RFC) and denied the disability-insurance claim in January 2024, finding that Havice was capable of performing his "past relevant work" as a project manager.[1] *See* 20 C.F.R. § 404.1520(a)(4)(iv) ("If you can still do your past relevant work, we will find that you are not disabled."). Shortly thereafter, the Appeals Council denied Havice's petition for review, rendering the ALJ's decision final. *Id.* § 404.981.

In March 2024, Havice sought judicial review of the agency's denial of Title II benefits. *See Havice v. Comm'r of Soc. Sec.*, No. 1:24-cv-87, 2025 WL 958170 (S.D. Miss. Mar. 31, 2025); *see also* 42 U.S.C. § 405(g) (authorizing judicial review of "any final decision of the Commissioner of Social Security"). He alleged that the ALJ erred by omitting discussion of his chronic pain syndrome from the RFC assessment. After briefing, a magistrate judge issued a report and recommendation advising that the agency's decision be affirmed and the appeal be dismissed. The magistrate judge further concluded that any omission was harmless because Havice

---

[1] "Residual functional capacity" is defined as "the most [an individual] can still do despite [his or her] limitations" in a work setting. 20 C.F.R. § 404.1545(a).

No. 25-60287

failed to show the ALJ would have reached a different result had the RFC "specifically mentioned and considered chronic pain syndrome."

The district court adopted the report and recommendation over Havice's objection, affirmed the denial of benefits, and dismissed the action with prejudice. Havice timely appealed. *See* 28 U.S.C. § 1291 (authorizing jurisdiction over "final decisions of the district courts"). On appeal, Havice reprises his argument that the ALJ erred by failing to identify chronic pain syndrome as a "severe impairment" in the written decision denying benefits. He maintains that proper classification would have resulted in an award of benefits. We disagree and AFFIRM.

II

"We review the Commissioner's denial of social security benefits 'only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.'" *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations. And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Dickinson v. Zurko*, 527 U.S. 150, 153–56 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (per curiam) (citation omitted).

No. 25-60287

Importantly, "[p]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) (quoting *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)). "The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error." *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

## III

Because substantial evidence supports the ALJ's decision, we AFFIRM the district court's dismissal.

The SSA evaluates disability claims through a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(1). This analysis requires the ALJ to determine whether: "(1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work." *Keel*, 986 F.3d at 555 (quoting *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018)). "A finding at any step that the claimant is not disabled ends the inquiry." *Garcia*, 880 F.3d at 704 (quotation omitted).

Applying that framework, the ALJ concluded that Havice was not disabled. At step one, the ALJ found that Havice had not engaged in substantial gainful activity since the alleged onset date of his injuries. At step two, the ALJ identified severe impairments affecting Havice's shoulders, hip, spine, and heart, but did not separately label chronic pain syndrome. Instead, the ALJ discussed Havice's pain as a symptom of those impairments throughout the decision. At step three, the ALJ found that Havice did not have an impairment or combination of impairments that met or medically equaled the severity of one listed in the Code of Federal Regulations. At step

four, the ALJ found Havice capable of performing past relevant work as a program director. The ALJ separately concluded that Havice was capable of sedentary work. *See* 20 C.F.R. § 404.1567(a) (describing sedentary work).

Havice argues that the failure to designate chronic pain syndrome as a severe impairment requires reversal. It does not. Although the ALJ did not refer to Havice's chronic pain itself as a "severe impairment," the decision discusses Havice's pain in detail. When read in full, the ALJ's decision reflects a complete understanding of Havice's medical condition and rests on multiple independently sufficient grounds showing that Havice is not statutorily disabled. *See Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001). Substance, not labels, controls: "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form." *Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. 2005) (citing *Shave*, 238 F.3d at 595)); *see also James J. Flanagan Stevedores, Inc. v. Gallagher*, 219 F.3d 426, 430 (5th Cir. 2000) (holding that an ALJ need not "articulate specifically the evidence that supported his decision and discuss the evidence that was rejected") (quotation omitted).

Substantial evidence supports the denial. *See Johnson*, 864 F.2d 343–44 (recognizing that substantial evidence is lacking only when no credible evidentiary choices or medical findings support the decision). Two state psychological consultants found only mild functional limitations and concluded that Havice was fully capable of managing himself, as well as understanding, remembering, and applying information. They further determined that Havice was only mildly limited in his ability to concentrate, persist, and maintain pace. Critically, the consultants found no more than minimal work-related impairments. The ALJ also noted Havice's admission that he had little, if any, difficulty completing personal and household tasks. *See* 20 C.F.R. § 404.1529(c)(3)(i) ("Factors relevant to your symptoms . . . include . . . [y]our daily activities."); *Leggett v. Chater*, 67 F.3d

558, 565 n.12 (5th Cir. 1995) ("It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status.").

Although Havice presented evidence, including a doctor's opinion, that chronic pain could interfere with his ability to work, the ALJ was entitled to weigh competing medical opinions. As we have explained, "the ALJ has the sole responsibility for determining a claimant's disability status. In doing so, the ALJ 'is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly.'" *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) (per curiam) (quotation omitted); *see Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) ("[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." (quotation omitted)).

Based on the full record—including MRI scans, Havice's admissions, and various medical opinions—the ALJ reasonably concluded that Havice could perform past relevant work despite allegations of pain. We decline to disturb that reasoned determination. *See Biestek*, 587 U.S. 102–03; *Johnson*, 864 F.2d at 343–44.

\* \* \*

Substantial evidence supports the denial of benefits. The district court's judgment of dismissal is therefore AFFIRMED.