In the Matter of GEORGE SASSOWER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 23, 1987

## APPEARANCES OF COUNSEL

*Robert H. Straus* for petitioner.

*George Sassower,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on March 30, 1949. In this proceeding, the petitioner moves to confirm the report of the Special Referee.

The Special Referee found the respondent guilty of the following allegations of professional misconduct. Charge one alleged that by a judgment of the Supreme Court, New York County (Klein, J.), dated June 26, 1985, the respondent was convicted of criminal contempt of court for having willfully and deliberately violated an order of the Supreme Court, New York County (Gammerman, J.), and was sentenced to a term of imprisonment of 30 days and to fines totaling $1,250. On September 17, 1985, the Appellate Division, First Department, affirmed the respondent's criminal contempt conviction *(see, Raffe v Riccobono,* 113 AD2d 1038, *appeal dismissed* 66 NY2d 915).

Charge two alleged that by judgment of the Supreme Court, New York County (Saxe, J.), dated June 26, 1985, the respondent was convicted of criminal contempt of court for having willfully and knowingly disobeyed the order of Justice Gammerman and was sentenced to a term of imprisonment of 10 days and to a fine of $250. On September 17, 1985, the Appellate Division, First Department, affirmed the respondent's criminal contempt conviction *(see, Raffe v Feltman, Karesh & Major,* 113 AD2d 1038).

Charge three alleged that the respondent willfully and deliberately violated the order of Honorable Eugene H. Nickerson, a Judge of the United States District Court, Eastern District of New York, dated May 28, 1985, requiring him to appear before that court for a deposition. By judgment of Judge Nickerson dated June 7, 1985, the respondent was convicted of criminal contempt of court for violating Judge Nickerson's order dated May 28, 1985. On September 13, 1985, the United States Court of Appeals for the Second Circuit affirmed the respondent's criminal contempt conviction.

Charge four alleged that the respondent engaged in frivolous and vexatious litigation against litigants, Judges, Referees, attorneys, public officials, and other parties who participated in certain litigation that the respondent was involved in on behalf of a client, and that said litigation was for the

purpose of harassing, threatening, coercing and maliciously injuring those made subject to it.

Charge five alleged that commencing in September 1980 the respondent engaged in professional misconduct which interfered with, obstructed and was prejudicial to the administration of justice, *inter alia,* in that he defied numerous orders of various courts, and displayed utter contempt for the law and for those judicial officers sworn to uphold it. As an example, the respondent was relieved by the court from handling certain matters, disqualified from representing certain clients, and thereafter disregarded the court's directions.

Charge six alleged that the respondent failed to seek the lawful objectives of his client and prejudiced and damaged his client, in that, after the respondent was instructed by his client not to continue further litigation, the respondent deliberately and willfully disregarded these instructions by instituting numerous actions, as a result of which the client was assessed costs, attorneys' fees, fines and penalties, and was held to be guilty of civil and criminal contempt of court.

Charge seven alleged that the respondent failed to cooperate with the petitioner Grievance Committee throughout its investigation of the misconduct alleged above, in that the respondent failed to respond to the written inquiries of the petitioner and made a deliberately false misrepresentation that a court order prohibited him from responding to the allegations of misconduct.

After reviewing all of the evidence we are in full agreement with the findings contained in the report of the Special Referee. The evidence is overwhelming that the respondent is guilty of the misconduct indicated above. The petitioner's motion to confirm the Special Referee's report is granted.

The respondent is adjudged guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred and it is directed this his name be stricken from the roll of attorneys and counselors-at-law effective forthwith.

THOMPSON, J. P., BRACKEN, BROWN, NIEHOFF and LAWRENCE, JJ., concur.