962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George SASSOWER, Plaintiff-Appellant,
v.
GENERAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 Nos. 90-35542, 91-35879.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Sassower appeals pro se the district court's dismissal of his complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and the imposition of sanctions (No. 90-35542). Sassower also appeals the district court's denial of his motion for fees and the entry of an order prohibiting the clerk's office from accepting further filings by Sassower except by written permission of the court (No. 91-35879). In turn, the defendants ask for further sanctions on this appeal. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court and grant sanctions.
 
 OVERVIEW
 
 3
 Disbarred attorney George Sassower has been involved in vexatious litigation for over a decade. See Sassower v. Sansverie, 885 F.2d 9, 10 (2nd Cir.1989) ("George Sassower has been an abusive litigant for a number of years, and now presents yet another in a series of law suits and motions continuing 'the long and tortured history of litigation' in state and federal courts."); Matter of Sassower, 700 F.Supp. 100, 101 (E.D.N.Y.1988) ("Mr. Sassower engaged in frivolous and vexatious litigation against judges, referees, attorneys, public officials and parties who participated in [the Puccini] litigation ... for the purpose of harassing, threatening, coercing and maliciously injuring those who were enmeshed in it."), aff'd, 875 F.2d 856 (2nd.Cir.1989); see also In re Disbarment of Sassower, 481 U.S. 1045, 107 S.Ct. 2174 (1987); Sassower v. Sheriff of Westchester County, 824 F.2d 184 (2nd Cir.1987); Raffe v. John Doe, 619 F.Supp. 891 (S.D.N.Y.1985); Matter of Sassower, 125 A.D.2d 52, 512 N.Y.S.2d 203 (N.Y.A.D.1987).
 
 
 4
 Sassower's quixotic litigation began in 1980, with the dissolution of Puccini Clothes, Ltd., of New York City. Sassower represented Hyman Raffe, a disgruntled shareholder of Puccini. Sassower challenged the dissolution of Puccini through extended meritless litigation in various fora, including New York and New Jersey state courts and federal district courts for the Southern and Eastern Districts of New York and the District of New Jersey. With each failure, Sassower amended his complaint to include allegations of judicial corruption against those who heard his case, and filed anew.
 
 
 5
 As a result of his abusive campaign against the judicial system and those involved with the Puccini dissolution, Sassower was disbarred. He was also enjoined from filing any papers regarding Puccini in the Second Circuit and in New Jersey state courts. Sassower has been held in civil contempt twice and criminal contempt four times, and jailed twice for violating state and federal orders enjoining him from filing actions related to the dissolution of Puccini. Sheriff of Westchester County, 824 F.2d at 186.
 
 
 6
 Ignoring these setbacks, Sassower persisted in his fixation with the Puccini dissolution. In 1986, Sassower declared personal bankruptcy in the Southern District of New York. Jeffrey Sapir was appointed as the Chapter 7 Trustee of Sassower's estate. Sassower moved to compel Sapir to pursue the spurious claims against Puccini. On November 18, 1987, the bankruptcy court ordered Sassower to abandon his Puccini claims. Sapir was discharged from his position as trustee on December 21, 1987.
 
 
 7
 In this action, filed January 25, 1990, Sassower pursues Sapir's bond company, General Insurance Company of America (GIC). Sassower apparently seeks to recover from GIC for damages suffered as a result of Sapir's failure to proceed against those involved in the dissolution of Puccini. Sassower filed an amended complaint on September 25, 1990, reiterating his position with respect to GIC and requesting that this court void various Second Circuit decisions.
 
 DISCUSSION
 
 8
 We affirm the district court's ruling that Sassower's claims against Sapir and GIC are time barred under 11 U.S.C. § 322(d), which provides a two-year limit on the instigation of suits on a Chapter 7 trustee's bond. More than two years elapsed between Sapir's discharge as trustee on December 21, 1987 and the filing of Sassower's complaint on January 25, 1990.
 
 
 9
 We affirm the district court's determination that the remainder of Sassower's allegations fail to state a claim for which relief can be granted and are properly dismissed under Federal Rule of Civil Procedure 12(b)(6). Sassower's repeated requests that we declare Second Circuit decisions "null and void" lack legal meaning.
 
 
 10
 We affirm the district court's award of $3,080.78 in attorney's fees imposed on Sassower as a sanction pursuant to Federal Rule of Civil Procedure 11. The record below fully demonstrates that Sassower's suit was utterly without merit and part of a continuing cascade of abusive litigation.
 
 
 11
 We also affirm the district court's imposition of a pre-filing order requiring Sassower to obtain written authorization from the court before submitting further filings in this case. See De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.) (pre-filing order appropriate where district court makes substantive finding of frivolousness and the order is narrowly tailored to curb the abuses of the particular litigant), cert. denied, 111 S.Ct. 562 (1990).
 
 
 12
 We also award attorney's fees on this appeal to the appellees. Fed.R.App.P. 38. See also Wilcox v. CIR, 848 F.2d 1007, 1009 (9th Cir.1988) (imposing fees as a sanction for filing frivolous appeal).
 
 
 13
 Finally, because of Sassower's practice of filing frivolous papers, this panel will not entertain a petition for rehearing as to this decision. Cf. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.) ("This court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis."), cert. denied, 111 S.Ct. 1082 (1991); Viser v. Supreme Court of State of California, 919 F.2d 113 (9th Cir.1989). The mandate shall issue forthwith.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sassower's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3