Matter of Liebowitz (2024 NY Slip Op 01309)

Matter of Liebowitz

2024 NY Slip Op 01309

Decided on March 13, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ROBERT J. MILLER, JJ.

2021-00031

[*1]In the Matter of Richard P. Liebowitz, a suspended attorney. (Attorney Registration No. 5357702)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 19, 2015. By opinion and order dated November 3, 2021, this Court immediately suspended the respondent

pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by an order of the United States District Court of the Southern District of New York, dated November 25, 2020, as amended November 30, 2020. By order to show cause dated August 11, 2022, this Court directed the respondent to show cause why a final order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of discipline of the United States District Court for the Southern District of New York dated April 22, 2022.
Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for Grievance Committee for the Tenth Judicial District.
Michael S. Ross, New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
By order dated April 22, 2022, the United States District Court for the Southern District of New York (hereinafter the District Court) suspended the respondent, on consent, for four years, nunc pro tunc to November 30, 2020, for his violation of rules 3.3(a)(1) (knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to a tribunal), 3.4(c) (disregarding or advising the client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (d) (engaging in conduct that is prejudicial to the administration of justice), and (h) (engaging in conduct that adversely reflects on his fitness as a lawyer) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The District Court Proceeding
The Committee on Grievances for the Southern District of New York (hereinafter the Committee on Grievances) filed an Amended Statement of Charges, dated April 22, 2021, and the respondent filed a declaration, executed on December 28, 2021, admitting to the charges, and consenting to the Committee on Grievances entering an order of suspension for a period of four years, nunc pro tunc to November 30, 2020. By order dated April 22, 2022, the District Court found that the respondent engaged in a pattern and practice of failing to comply with court orders and making false statements to the court in 14 federal lawsuits, in violation of the above mentioned Rules of Professional Conduct, to be discussed in detail below.
The respondent was a founder and former principal of Liebowitz Law Firm, PLLC (hereinafter LLF). Since the inception of LLF in or about 2015, the respondent engaged in high-volume litigation practice, mainly representing photographers for copyright infringement of their photographs on a contingency basis. At the start of the disciplinary proceedings in the District Court, the respondent had initiated approximately 2,500 federal cases. The respondent was found to have committed misconduct in the following cases in the following manner:
1. Sands v Bauer Media Group USA, 17-cv-9215 (LAK)
The respondent represented the plaintiff in this matter and moved to recuse the Honorable Lewis A. Kaplan, United States District Judge (hereinafter USDJ), arguing that Judge Kaplan's actions in the case demonstrated personal bias against the respondent, resulting in actual bias against the plaintiff. In support of his motion for recusal, the respondent made statements that were false and misleading, and the respondent knew that they were false and misleading when he made them. The respondent stated under penalty of perjury that he did not and had never made a settlement demand in this matter. In fact, the respondent had sent the defendant's counsel an email in which the respondent proposed settling the matter for the sum of $25,000. The respondent's associate also made a settlement demand in the sum of $25,000 at the initial conference in the case, a conference that the respondent did not personally attend.
2. Wisser v Vox Media, Inc., 19-cv-1445 (LGS)
The respondent represented the plaintiff in this matter. In response to the defendant's interrogatories, the respondent served responses which included a personal verification from the plaintiff swearing that he had read the Answers and Objections to Defendant's First Set of Interrogatories, and that he knew the contents thereof to be true and accurate to the best of his knowledge, information, and belief. LLF affixed to the verification an electronic signature that purported to be that of the plaintiff. The verification, however, was false and misleading, and the respondent knew that it was false and misleading when it was served. The plaintiff did not see the interrogatory responses and verification before these documents were served; the signature on the verification did not belong to the plaintiff; and the plaintiff did not give permission to anyone at LLF to sign the verification before it was served. On April 1, 2020, the Honorable Lorna G. Schofield, USDJ, ordered the respondent and LLF to pay reasonable attorneys' fees incurred by the defendant as a result of the respondent's failure to comply with the District Court's scheduling order, and to pay the sum of $5,000 to the clerk of the court for knowingly creating the "misleading" verification.
3. Berger v Imagina Consulting, Inc., 18-cv-8956 (CS)
The respondent represented the plaintiff in this matter. By letter to the District Court dated April 5, 2019, the defendant requested a discovery conference. The Honorable Cathy Seibel, USDJ, granted the request and scheduled the conference for the morning of April 12, 2019. Judge Seibel also ordered the plaintiff to respond to the defendant's letter by April 9, 2019, which the plaintiff did. On April 9, 2019, the respondent's grandfather passed away. On April 12, 2019, the respondent did not appear for the conference and did not contact the court or his adversary to explain his absence. The respondent also did not send an attorney from LLF to appear on his behalf. Judge Seibel ordered the respondent to show cause in writing, on or before April 17, 2019, later rescheduled to April 18, 2019, why he failed to appear for the conference and why he should not be required to compensate the defendant for the attorneys' fees it incurred for the time spent for the appearance. In response, by letter dated April 15, 2019, the respondent stated that he missed the conference due to a "death in the family," which was an "unexpected urgent matter" to which he had "to attend." Moreover, the respondent stated that he would be out of the office on the next conference date of April 18, 2019, and asked to appear by telephone.
At the telephone conference on April 18, 2019, the respondent falsely represented that his grandfather had died on the morning of April 12, 2019, and he apologized for not informing his adversary and the District Court. The respondent knew that this statement was false and misleading.
Judge Seibel directed the respondent to furnish evidence or documentation regarding the date of his grandfather's death and the manner in which the respondent was notified of the death no later than May 1, 2019. By letter dated May 1, 2019, the respondent repeated the false representation that his grandfather died on April 12, 2019, and that he was needed to assist with necessary arrangements in advance of the Sabbath. In an endorsement thereon, Judge Seibel wrote that the May 1, 2019 letter was not responsive to the District Court's previous instruction since it did not furnish the requested documentation. Judge Seibel allowed the respondent until May 3, 2019, to supplement his letter.
On May 3, 2019, the respondent filed a notice of settlement. On May 7, 2019, Judge Seibel advised the respondent that he had failed to document the death in his family, as previously directed, and gave the respondent until May 9, 2019, to do so. On May 9, 2019, the respondent filed a declaration in which he "re-certif[ied]" that the statements in his letters dated April 15, 2019, and May 1, 2019, were true, and he further stated that he believed his declaration satisfied his obligation to the District Court. Judge Seibel disagreed and ordered the respondent to show cause why he should not be referred to the Committee on Grievances, and to include in his response documentation or other evidence demonstrating that there had been a death in his family that had prevented him from attending the April 12, 2019 conference and from providing timely notice to the court and his adversary that he could not attend.
The respondent did not comply. Instead, on May 16, 2019, he submitted a declaration repeating his belief that his statements in his April 15, 2019, May 1, 2019, and May 9, 2019 submissions fulfilled his obligations in response to the order to show cause.
On July 26, 2019, Judge Seibel ordered the respondent, under penalty of contempt, to furnish a copy of his grandfather's death certificate to document his claim that he could neither attend the April 12, 2019 conference nor provide timely notice to the District Court or his adversary that the respondent could not attend due to his grandfather's death. In response, on August 12, 2019, the respondent submitted another declaration, stating that he believed his prior submissions were sufficient and that he should not be required to provide his grandfather's death certificate because it was "a personal matter."
On August 19, 2019, Judge Seibel warned the respondent that if he did not provide the requested documentation by August 26, 2019, he would be held in contempt and subject to sanctions, including monetary sanctions, and/or a referral would be made to the Committee on Grievances.
Rather than provide a copy of the death certificate, on August 26, 2019, the respondent submitted another declaration, in which he contended that he was not in contempt because the District Court's request for the death certificate was unlawful as it "likely constitutes a usurpation of judicial authority or a breach of judicial decorum." The respondent further contended that his prior submissions complied with the court's orders, that there was no basis to impose monetary sanctions, and that Judge Seibel's accommodation to maintain the privacy of the death certificate was insufficient.
Thereafter, Judge Seibel declared the respondent to be in contempt of court and ordered that if he failed to provide the requested documentation by October 2, 2019, he would be subject to a sanction of $100 each business day until he complied. The District Court warned that additional or different sanctions would be considered in the event that sanction was insufficient to ensure compliance. On October 2, 2019, the respondent submitted a letter to Judge Seibel's chambers and requested an in-person conference to discuss the contempt order, as well as a stay of that order until the conference could be held. The respondent's request was denied. The respondent repeated his request by letter dated October 3, 2019, and his second request was denied. The court ordered the respondent to refrain from submitting similar requests unless he explained what purpose would be served by an in-person conference and offered a justification for a stay. Judge Seibel notified the respondent that his first payment pursuant to the contempt sanction was due on October 7, 2019.
On October 7, 2019, at 8:34 p.m., after the clerk's office had closed for the day, the respondent submitted a letter to Judge Seibel requesting a two-week extension to provide his grandfather's death certificate and requesting a stay of the monetary sanction in the interim. Judge Seibel denied the request. By November 1, 2019, the respondent had not made any payments, and thus was in contempt of Judge Seibel's orders. As a result, Judge Seibel increased the monetary sanction to $500 per day, effective November 6, 2019, until the respondent complied with the District Court's prior orders. The respondent was also ordered to appear before Judge Seibel on November 13, 2019, and to show cause why he should not be incarcerated until he complied with the orders.
On November 7, 2019, the respondent retained counsel to represent him in the contempt proceedings, and on November 11, 2019, the respondent sent a letter to Judge Seibel admitting that he failed to carry out his responsibilities to the District Court and to his adversary. The respondent also admitted that his grandfather died on April 9, 2019, and was buried that same day. With this letter, the respondent submitted a copy of his grandfather's death certificate, which [*2]confirmed that he had died on April 9, 2019. The respondent attributed his "lapse" to his grandfather's death, which he claimed had produced a "brief period of overwhelming grief and dysfunction." The respondent asked that Judge Seibel vacate her contempt orders, declare his financial penalties satisfied, and permit him to continue to practice before the court.
At the November 13, 2019 hearing on the order to show cause, Judge Seibel declined to disturb the contempt findings based on the respondent's failure to produce the death certificate and his failure to pay contempt sanctions. Judge Seibel found that the respondent had willfully lied to the District Court and willfully failed to comply with lawful court orders. Judge Seibel further found that the respondent was no longer in contempt since he produced the death certificate and paid the sum of $3,700 in sanctions, but she referred the respondent to the Committee on Grievances.
4. Steeger v JMS Cleaning Servs, LLC, 17-cv-8013 (DLC)
The respondent represented the plaintiff in this matter. In late July 2017, LLF mailed a draft complaint and demand letter to a P.O. Box for a principal of the defendant. The defendant's attorney contacted the respondent regarding the complaint, made a settlement offer, and advised the respondent that the photograph at issue had been removed from the defendant's website. The respondent represented that he would present the settlement offer to the plaintiff for his consideration, but the respondent never indicated that he did so and never responded to the offer. Instead, on October 18, 2017, the respondent filed a federal action against the defendant. On November 8, 2017, the defendant hired new counsel who contacted the respondent and offered to settle the case. The defendant's new counsel also advised the respondent that the defendant had not yet been served with the complaint. The respondent promised to respond to the settlement offer, but never did.
On November 9, 2017, the Honorable Denise L. Cote, USDJ, issued a Notice of Pretrial Conference (hereinafter the Notice), which directed, inter alia, the respondent to notify all attorneys in this action by serving upon each of them a copy of the Notice and to file proof of service with the District Court. The Notice also instructed counsel that if they were unaware of the identity of counsel for any of the parties, a copy of the Notice must be sent to that party personally.
On December 12, 2017, the respondent served the complaint on the defendant through the Secretary of State. The defendant never received the complaint because the Secretary of State did not have the correct address for service on file. The respondent never served the Notice on the defendant or the defendant's counsel.
On January 12, 2018, the defendant's counsel discovered through the Electronic Case Filing System that the respondent had served the complaint through the Secretary of State a month prior, and that the pretrial conference was scheduled for January 19, 2018.
On January 13, 2018, the respondent submitted a letter (hereinafter the January 13, 2018 letter) to the District Court, requesting an adjournment of the pretrial conference scheduled for January 19, 2018, and stating that the defendant "had yet to respond to the complaint" and that the plaintiff intended to file a motion for a default judgment. Judge Cote granted the request and ordered the motion for entry of default due on January 26, 2018.
The respondent's statement in his January 13, 2018 letter that the defendant "had yet to respond to the complaint" was false and misleading, and the respondent knew that it was false and misleading when he made it. The January 13, 2018 letter failed to advise the court of the months-long history of communication between the parties, beginning in July 2017, as mentioned above.
The defendant appeared for the January 19, 2018 pretrial conference because the respondent had not informed the defendant that the pretrial conference had been adjourned or that the plaintiff intended to file a motion for a default judgment.
On January 26, 2019, Judge Cote ordered the respondent to show cause why he should not be sanctioned for (1) his failure to serve the Notice; (2) the misrepresentations and omissions in the January 13, 2018 letter; and (3) costs the defendant needlessly had incurred. On February 2, 2018, the respondent filed a response, claiming that his failure to serve the Notice on the defendant was "inadvertent," and arguing that the January 13, 2018 letter did not contain any misrepresentations and that he was not required by law to include any additional information. The respondent also argued that it was, in fact, the defendant who needlessly had made the litigation more expensive.
On February 28, 2018, Judge Cote imposed a monetary sanction in the sum of $10,000 on the respondent based on his failure to serve the Notice, the material omissions in the January 13 letter, which misled the District Court as to the defendant's participation in the litigation, [*3]and the respondent's needless infliction of costs on the defendant. On March 15, 2018, Judge Cote reduced the original monetary sanction from the sum of $10,000 to the sum of $2,000 and ordered the respondent to complete four hours of ethics CLE training. In her order, Judge Cote explained that the court took the "opportunity to craft sanctions that [would] more directly address the deficiencies in performance described above and deter their repetition." In making this determination, Judge Cote noted that it was troubling that the respondent's motion for reconsideration continued "the pattern of omissions and misrepresentations that [had] plagued Mr. Liebowitz's earlier submissions in this action."
5. Romanowics v Alister & Paine, Inc., 17-cv-8937 (KHP)
The respondent represented the plaintiff in this matter. On April 26, 2018, the Honorable Katharine H. Parker, United States Magistrate Judge (hereinafter USMJ), ordered the respondent to serve and file an inquest memorandum and scheduled an inquest hearing for June 19, 2018 (hereinafter the June 19, 2018 hearing). Magistrate Judge Parker also directed the respondent to (1) serve a copy of the default judgment issued by the Honorable Paul A. Engelmayer, USDJ, along with a copy of the order dated April 26, 2018, to the defendant; (2) file an affidavit of service of the default judgment and its order with the court; and (3) serve a copy of all papers filed in connection with the damages inquest on the defendant by May 25, 2019, and file an affidavit of service with the court.
The respondent did not attend the June 19, 2018 hearing as ordered, failed to request an adjournment, and failed to file any affidavits of service. Only after Magistrate Judge Parker inquired about the respondent's whereabouts when he failed to appear for the June 19, 2019 hearing did the respondent request an extension of time to comply with the District Court's orders. On June 22, 2018, Magistrate Judge Parker fined the respondent the sum of $200 for his failure to comply with the court's order.
6. Seidman v GAX Productions, LLC, 18-cv-2048 (BCM)
The respondent represented the plaintiff in this matter. On July 3, 2018, the defendant served on the respondent its First Set of Interrogatories and its First Request for Production of Documents. On August 2, 2018, the respondent, on the plaintiff's behalf, provided the defendant with an incomplete Response to Interrogatories. The Response to Interrogatories was signed by the respondent, not the plaintiff personally, and no documents were produced. On August 9, 2019, the defendant sent a deficiency letter to the respondent identifying the deficiencies in the plaintiff's responses to the discovery requests. After the parties held a meet-and-confer, the respondent provided an Amended Response to Defendant, which did not address the majority of the deficiencies previously identified, but produced two documents to the defendant.
The defendant then filed a letter application with the District Court requesting an order compelling the plaintiff to (1) answer all of its interrogatories and to sign the interrogatory answers, and (2) produce additional responsive documents. On August 28, 2018, the Honorable Barbara Moses, USMJ, issued an order advising the respondent that "[U]nder Fed. R. Civ. P. 33(b), interrogatory responses must be signed, under oath, by the party 'who makes the answers.' Where the party is an individual, the signature of her counsel will not suffice." As to the document production requests, Magistrate Judge Moses reminded the respondent that "[P]ursuant to Fed. R. Civ. P. 34(b)(2)(B), objections must be stated 'with specificity.'" Moreover, Magistrate Judge Moses instructed that "responses . . . stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. . . . Plaintiff is further reminded that, pursuant to Rule 34(b)(2)(C), '[a]n objection must state whether any responsive materials are being withheld on the basis of that objection.'" Magistrate Judge Moses granted the respondent leave to respond to the defendant's letter motion or to serve "amended responses in compliance with the Federal Rules of Civil Procedure." The respondent did not serve any amended or revised discovery responses. The respondent instead filed a letter on September 5, 2018, asserting that the responses before the court were "sufficient and [did not] warrant any motion to compel." The respondent further stated that the plaintiff had "produced everything . . . in response to Defendants' [sic] requests."
On September 6, 2018, Magistrate Judge Moses ordered the respondent to pay the defendant's reasonable expenses, including attorney's fees, incurred in making the letter application to the District Court after the respondent had failed to provide adequate discovery responses:
"Respondent made 'no showing that he was unable to secure the signature of his client on her interrogatory answers. To the contrary: after being reminded of the signature requirements by this Court he nonetheless told defendant, and now tells this Court, that plaintiffs [sic] previously-served [*4]unsigned answers are 'sufficient,' which is meritless as a matter of law.'"
On October 5, 2018, the respondent was ordered to pay the sum of $650 to the defendant in connection with the September 6, 2018 order.
7. Chicoineau v Bonnier Corp., 18-cv-3264 (JSR)
The respondent represented the plaintiff in this matter. The parties were scheduled to attend a final pretrial conference on October 5, 2018. The respondent failed to attend the conference and blamed his absence on a calendaring error. The Honorable Jed S. Rakoff, USDJ, ordered the respondent to pay the sum of $500 to the defendant's counsel as compensation for his time attending the hearing that the respondent failed to attend.
8. Craig v UMG Recordings, Inc., 16-cv-5439 (JPO)
The respondent represented the plaintiff in this matter. On December 1, 2017, the respondent filed a motion to disqualify the defendants' proposed expert witness, Jeffrey Sedlik, based on a claim that the plaintiff had previously disclosed confidential information to Sedlik. In his moving papers, the respondent argued that the plaintiff had "explain[ed] the whole theory of the case to Mr. Sedlik," and that the plaintiff had also discussed "litigation" and "settlement strategy" with Sedlik. These statements were false and misleading, and the respondent knew that they were false and misleading when he made them. The plaintiff never disclosed any confidential information to Sedlik, but only relayed the basic facts of the case, the plaintiff's career path, and his licensing history, none of which could be properly categorized as confidential. The Honorable J. Paul Oetken, USDJ, therefore, concluded that "[i]n addition to the utter lack of merit to [the respondent's] motion to disqualify . . . the motion was made vexatiously and in bad faith." Judge Oetken granted the defendant's motion for sanctions against the respondent and LLF, and denied the motion to disqualify, stating:
"[w]ith the full knowledge that [the plaintiff] had not disclosed any confidential information, Liebowitz went ahead and filed this meritless motion. Liebowitz's bad faith is most evident in the omission of the details of the alleged conversation in the moving papers. Those details were fatal to [the plaintiff's] motion, and obviously so under a basic understanding of the applicable law."
Judge Oetken denied the respondent's motion for reconsideration and awarded the defendant the sum of $98,532.62 in attorneys' fees and costs.
9. Dvir v Dancing Astronaut, Inc., 18-cv-9416 (VEC)
The respondent represented the plaintiff in this matter. On March 15, 2019, the Honorable Valerie Caproni, USDJ, issued an order, directing the defendant to appear at a hearing to show cause why a default judgment should not be issued against the defendant. The respondent appeared on behalf of the plaintiff at the show cause hearing, and the defendant did not appear. Judge Caproni heard from the respondent regarding the amounts of statutory damages and his request for the sum of $2,975 in attorneys' fees. Judge Caproni refused the respondent's request that he be compensated at the rate of $450 per hour, which Judge Caproni found to be "an outlandish figure given that [the respondent] was admitted to the New York bar only in August 2015 and the cookie-cutter nature of this litigation." Judge Caproni also rejected the respondent's estimate for the number of hours it took him to perform the work related to both his preparation of the complaint and the default judgment filed in the case, reasoning that both documents were "virtually identical" to other papers that the respondent had filed in the District Court and that it should not have taken the respondent as long as indicated. The respondent was ordered to submit a revised proposed default judgment reflecting the court's adjustments by April 24, 2019. The respondent failed to do so.
On April 29, 2019, Judge Caproni revised the respondent's proposed default judgment in accordance with the District Court's adjustments and filed the judgment. The same day, Judge Caproni issued an order directing the respondent to show cause why he should not be sanctioned, pursuant to Federal Rules of Civil Procedure rule 16(f), 28 USC § 1927, or the court's inherent powers, for violating the court's order directing him to submit a revised proposed default judgment. In response to the court's order, the respondent filed a memorandum of law in which he addressed whether sanctions under 28 USC § 1927 or the court's inherent powers were appropriate, but did not address the appropriateness of sanctions under rule 16(f). In an order dated May 22, 2019, Judge Caproni found that the respondent "failed to comply with [the] Court's order—communicated to him in-person, face-to-face, by the undersigned—by failing to submit any revised proposed default judgment at all, let alone one by the April 24, 2019 deadline." Judge [*5]Caproni imposed a monetary sanction in the sum of $500 on the respondent. She suspended the imposition of the sanction for 18 months from the date of the order and noted that if the respondent "fully and timely" complied with the court's orders during that time, the order would be dismissed. However, the sanction would become "immediately payable" upon any future violations. On October 9, 2019, Judge Caproni imposed the suspended sanction in the sum of $500 based upon the respondent's failure to comply with a court order in Polaris Images Corp. v CBS Interactive, Inc., 19-cv-3670, discussed below.
10. Polaris Images Corp. v CBS Interactive, Inc., 19-cv-3670
The respondent represented the plaintiff in this matter. On May 2, 2019, Judge Caproni issued an order referring the case to mediation for settlement purposes (hereinafter the May 2, 2019 order). The May 2, 2019 order required the respondent to file proof of service no more than three days after service had been effectuated, and to produce to the defendant royalty and licensing information regarding the photograph at issue "by the earlier of 1) 14 days after service of process or 2) three business days in advance of any mediation session." The respondent failed to comply with the District Court's order. Specifically, the respondent did not file an affidavit of service until July 18, 2019, even though service was effected on April 30, 2019, and as of July 30, 2019, the respondent had not produced the required royalty information to the defendant.
On August 1, 2019, Judge Caproni ordered the respondent to show cause why sanctions should not be imposed on him for failing to comply with the May 2, 2019 order, and why the suspended sanction in the sum of $500 in Dvir v Dancing Astronaut, Inc., should not be imposed. The respondent filed a declaration in response with a "perfunctory explanation" as to his failures, which Judge Caproni found "inadequate and wholly unconvincing." In an order dated October 9, 2019, Judge Caproni found that the respondent failed to show cause why he should not be sanctioned and imposed a monetary sanction in the sum of $1,000 on the respondent for his failure to comply with the May 2, 2019 order. Judge Caproni also ordered the respondent to immediately pay the sanction in the sum of $500 that had been suspended in Dvir v Dancing Astronaut, Inc.
11. Rice v NBCUniversal Media, LLC, 19-cv-447(JMF)
The respondent represented the plaintiff in this matter. On January 17, 2019, the Honorable Jesse M. Furman, USDJ, ordered the parties to appear for an initial conference on May 2, 2019, and that the parties conduct a mediation session prior to the initial conference. On April 1, 2019, the mediation referral was closed due to one or both parties' failure or refusal to participate in the mediation.
On April 25, 2019, the parties filed a joint letter to the District Court, indicating that the defendant had been willing to participate in mediation and had provided available dates, but that the respondent had not indicated his availability. The respondent also failed to respond to the mediation office's scheduling emails, and thus, no mediation session was held. No relief from the mediation order had been sought or granted prior to the date of the initial conference. At 3:19 p.m. on May 1, 2019, the day before the initial conference was scheduled to take place, the respondent filed a letter motion requesting that the time of the conference be changed from 3:45 p.m. to 10:45 a.m. Judge Furman granted the respondent's request, but warned that the respondent "should be prepared to explain the timing and reason for the request." At 11:09 p.m. on May 1, 2019, the respondent filed a stipulation of voluntary dismissal signed by both parties. A few minutes later, at about 11:15 p.m., the respondent filed a letter motion requesting that the initial conference be cancelled.
On May 2, 2019, at 9:29 a.m., Judge Furman denied the request to cancel the conference and ordered that "[c]ounsel (including Mr. Liebowitz himself) shall appear as scheduled, in part so Plaintiff's counsel can answer for his apparent failure to comply with this Court's orders and rules, including its orders regarding early mediation." The respondent did not appear for the initial conference on May 2, 2019. The District Court's staff inquired about the respondent's whereabouts, but received conflicting information about whether the respondent was out of town or on his way to the conference.
Judge Furman ordered the respondent to show cause in writing why sanctions should not be imposed pursuant to rules 11 and 16 of the Federal Rules of Civil Procedure and the District Court's inherent authority. In his responsive papers, the respondent argued that sanctions should not be imposed because his client was unavailable to attend mediation. The respondent also argued that his failure to attend the initial conference was excusable because he believed "the Court lacked jurisdiction to conduct a Rule conference" after the parties signed the stipulation of dismissal. On [*6]July 10, 2019, Judge Furman imposed a monetary sanction on the respondent in the sum of $8,745.50 in attorneys' fees for the respondent's failure to comply with multiple court orders and to "secure compliance with the Court's orders and counsel's professional duties in the future." On August 8, 2019, Judge Furman denied the respondent's request for reconsideration.
12. Rock v Enfants Riches Deprimes, LLC, 17-cv-2618 (ALC)
The respondent represented the plaintiff in this matter. In the complaint, the respondent alleged that the plaintiff was "the author of the Photograph" of musician Lou Reed (hereinafter the Photograph) and he had been the "sole owner of all right, title and interest in and to the Photograph, including the copyright thereto." The respondent also alleged that the Photograph was registered with the United States Copyright Office (hereinafter Copyright Office) and was given registration number VA 1-766-990. The allegations, however, were false and misleading, and the respondent knew the allegations were false and misleading when he made them. The respondent litigated the case based on a copyright registration certificate he knew, or should have known, did not cover the Photograph because the plaintiff did not hold a valid registration.
The plaintiff admitted in a deposition and in other documents that the Photograph had been previously published on numerous occasions. To prevent the defendants from learning that the plaintiff did not hold a valid registration, the respondent stonewalled the defendants' requests for documents and information. The respondent also failed to comply with an order by Magistrate Judge Debra Freeman to obtain and produce Copyright Office documents to demonstrate a valid registration. After it came to light that the Photograph was not registered, and despite the record stating otherwise, the respondent argued, without evidence, that the lack of registration was merely a mistake.
On January 29, 2020, the Honorable Andrew L. Carter, Jr., USDJ, granted the defendant's motion for attorneys' fees in the sum of $100,008.13 against the plaintiff, and for sanctions against the respondent and respondent's firm in the sum of $10,000. On May 29, 2020, Judge Carter denied the respondent's motion for reconsideration.
13. Chevrestt v Barstool Sports, Inc., 20-cv-1949 (VEC)
The respondent represented the plaintiff in this matter. On March 5, 2020, Judge Caproni issued an order (hereinafter the March 5, 2020 order): (1) referring the case to the Honorable Sarah Netburn, USMJ, for a settlement conference; (2) directing the respondent to file proof of service no more than 3 days after service is effectuated; (3) directing the respondent to produce to the defendant records sufficient to show the royalty paid the last three times that the picture at issue was licensed, and the number of times the picture was licensed in the last five years; if the picture was never licensed, the plaintiff was to certify that fact as part of the plaintiff's production; and (4) directing that the plaintiff's production was to occur by the earlier of 14 days after service of process or 3 business days in advance of any mediation session. The respondent did not comply with the March 5, 2020 order in that he did not file an affidavit of service until March 31, 2020, and did not timely produce the required royalty information to the defendant.
On April 15, 2020, Judge Caproni ordered the respondent to show cause why he should not be sanctioned for failing to comply with the District Court's March 5, 2020 order. In response, the respondent claimed an "administrative oversight" for his failure to timely file proof of service, an excuse which Judge Caproni had previously found to be "inadequate" and "sanction-worthy." On May 8, 2020, Judge Caproni found that the respondent failed to provide adequate reasons for his failure to comply with the court's March 5, 2020 order, and that the respondent's attempt to plead "administrative oversight" was "disingenuous, distasteful, unpersuasive, and likely perjurious." Judge Caproni (1) imposed a civil monetary sanction in the sum of $3,000 on the respondent; (2) ordered the respondent to pay the defendant's counsel in an amount equal to the fees incurred by bringing the respondent's non-compliance to the court's attention; and (3) ordered the respondent to enroll in and complete a course on managing a small law practice.
14. Usherson v Bandshell Artist Mgmt., 19-cv-6368 (JMF)
The respondent represented the plaintiff in this matter. On June 26, 2020, Judge Furman imposed a monetary sanction in the sum of $103,517.49, along with other non-monetary sanctions on the respondent and LLF for repeatedly lying to the District Court about compliance with a court order, violating at least six court orders, and preparing and filing a complaint with a false allegation.
Judge Furman detailed the respondent's violations throughout the litigation as follows: On July 15, 2019, the District Court ordered the respondent to file proof of service no more [*7]than 3 days after service has been effectuated, but the respondent did not file the proof of service until 13 days after the court's deadline. The court also ordered the respondent to produce limited discovery to the defendant, but the respondent failed to produce the materials or to notify counsel that none of the required discovery existed by the September 19, 2019 deadline. When opposing counsel inquired further on September 20, 2019, the respondent stated that his client was still looking for the materials, but that it was unlikely there was any licensing for the photograph at issue.
On July 15, 2019, the District Court scheduled an initial pretrial conference and ordered that "all pretrial conferences must be attended by the attorney who will serve as principal trial counsel." The Mediation Program's rules also required the "lawyer who will be primarily responsible for handling the trial of the matter" to attend the mediation. The respondent attended the initial conference but did not attend the mediation on October 31, 2019. At an evidentiary hearing, the respondent was evasive about whether he or another attorney was trial counsel, even though that attorney had never entered a notice of appearance. The court found that either way, the respondent had violated the July 15, 2019 order: "If he was principal trial counsel, he violated the Court's Order by failing to appear at the mediation; if he was not principal trial counsel, then he violated the Court's Order by appearing at the initial conference."
The District Court ordered the plaintiff and the respondent to participate in mediation no later than two weeks before the initial pretrial conference. The plaintiff and the respondent did not participate in the mediation and did not request an extension in which to do so. On October 4, 2019, the respondent filed a letter with the court in which he attempted to blame the mediation office for the missed deadline and requested permission to conduct the mediation by telephone. On October 7, 2019, the court extended the deadline to mediate and ordered the parties to conduct in-person mediation no later than October 31, 2019. After agreeing to participate in a mediation session scheduled for October 31, 2019, neither the respondent nor his client appeared. The respondent gave no notice to opposing counsel, the mediator, or the court that the plaintiff would not be attending the mediation in person. On November 15, 2019, the court ordered the parties to submit a sanctions briefing and to address "whether the Court should hold an evidentiary hearing and, if so, what witnesses should be called and how it should be conducted." The respondent failed to address these issues in his brief.
Over the course of the litigation, the respondent made representations that were false and misleading, and he knew those representations were false and misleading when he made them. Prior to the October 31, 2019 mediation, the respondent misrepresented to the District Court that he had obtained permission from the mediator for the plaintiff to participate in the mediation by telephone. The respondent made these misrepresentations in open court, in multiple court filings, including at least one declaration sworn under penalty of perjury, and in his testimony under oath at an evidentiary hearing held on January 8, 2020. At the January 8, 2020 evidentiary hearing, the mediator testified "unequivocally" that the respondent never mentioned the possibility that the plaintiff would not attend the mediation in person. The mediator's testimony was corroborated by the defendant's counsel's testimony as well as documentary evidence.
Judge Furman also found that in the complaint, the respondent had alleged that the photograph at issue was registered with the Copyright Office and was given registration number "VAu 1-80-046." The allegation, however, was false and misleading, and the respondent knew it was false and misleading when he made it because LLF had registered the photograph almost a month and a half after the lawsuit was filed. The respondent thereafter admitted that he had not investigated whether the photograph was properly registered before filing the complaint and blamed his administrative staff for the error. Judge Furman found the respondent's arguments unavailing and that they were made in bad faith.
In a June 26, 2020 order imposing sanctions on the respondent, Judge Furman stated that "there may be no sanction short of disbarment that would stop Mr. Liebowitz from further misconduct."
Based on the forgoing, the Committee on Grievances determined that a four-year suspension, nunc pro tunc to November 30, 2020, was an appropriate and suitable sanction to be imposed on the respondent. The respondent consented to the sanction.
New York Proceeding
By order to show cause dated August 11, 2022, the respondent was directed to show cause on or before September 28, 2022, why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline [*8]imposed by the District Court. By affidavit dated September 6, 2022, the respondent asserts that he does not oppose the imposition of reciprocal discipline, but requests that the imposition of discipline be nunc pro tunc to the date of his interim suspension by the District Court on November 30, 2020. By affirmation dated September 28, 2022, the Grievance Committee for the Tenth Judicial District indicates that the respondent does not raise any enumerated defenses set forth by 22 NYCRR 1240.13(b) and that the findings of professional misconduct by the District Court provide a permissible basis for imposing reciprocal discipline.
Findings and Conclusion
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the District Court.
Regarding the sanction, this Court has found that: "[i]n reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein" (Matter of Sirkin, 77 AD3d 320, 323; see Matter of Esposito, 126 AD3d 93, 109). "However, when the sanction in the [foreign jurisdiction] deviates substantially from this Court's precedent, we have departed from the general policy of deference and imposed a more severe penalty where warranted" (Matter of Munroe, 89 AD3d 1, 7; see Matter of Esposito, 126 AD3d at 109).
Under the totality of the circumstances, including the considerable pattern and practice of failing to comply with court directives and making false statements to the court, we find that a disbarment is warranted (see Matter of Sassower, 125 AD2d 52).
LASALLE, P.J., DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Richard P. Liebowitz, a suspended attorney, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Richard P. Liebowitz, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard P. Liebowitz, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Richard P. Liebowitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court